GRIFFITH v. GOHLMAN, LESTER & CO.
(No. 248.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 11, 1917. Rehearing Denied Jan. 23, 1918.)

1. VENUE ☞7—"CONTRACT IN WRITING TO PERFORM OBLIGATION IN PARTICULAR COUNTY"—STATUTES.

Where defendant shipped cotton from his county to that of plaintiffs consigned to himself, and forwarded bills of lading to plaintiffs with drafts calling for advances, and after the cotton was sold plaintiffs applied the proceeds in part payment of the advances, which were also secured by stock placed in plaintiffs' hands as a pledge, there was no writing to perform any obligation in plaintiffs' county under Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, allowing one to be sued in such a county, and a plea of privilege by the defendant in a suit for the balance and for a foreclosure of the lien on the stock should have been sustained.

2. VENUE ☞32(2)—PRIVILEGE TO BE SUED IN OWN COUNTY—WAIVER—STATUTES.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, relating to venue, where a plea of privilege is overruled, and a bill of exception taken, the presentation of a counterclaim, whether called a cross-action or a plea for affirmative relief, and an answer, is not a waiver by one of the privilege to be sued in his own county.

Error from District Court, Harris County; Chas. E. Ashe, Judge.

Suit by Gohlman, Lester & Co. against John Griffith. From an order overruling a plea of privilege, the defendant brings error. Reversed.

J. E. Camfield, of Floresville, and John W. Parker, of Houston, and Dibrell & Mosheim, of Sequin, for plaintiff in error. Andrews, Streetman, Burns & Logue, of Houston, for defendants in error.

BROOKE, J. It is, perhaps, well at the outset to set out the original petition filed in this cause:

"Your petitioners, Gohlman, Lester & Co., a firm composed of S. L. Gohlman, Jr., and J. E. Lester, hereinafter called plaintiffs, complaining against John Griffith, hereinafter called defendant, respectfully represent.

"(1) Plaintiffs reside in Harris county, Tex., and defendant resides in Wilson county, Tex.

"(2) That heretofore, to wit, on the 4th day of September, 1913, and ever since said date, plaintiffs were and have been engaged at Houston, Tex., as cotton commission merchants, receiving, handling, caring for, and selling cotton for a commission, and in the course of said business have been accustomed to advance money upon cotton consigned to them by various persons from various places in the state of Texas, holding said cotton as factors and commission merchants as security for the money advanced thereon.

"(3) On, to wit, the 3d day of September, 1913, and on divers dates thereafter, defendant made various consignments of cotton from Floresville, in Wilson county, Tex., to plaintiffs at Houston, Tex., and that the uniform method of handling said transactions was that the said defendant would deliver said shipments of cotton to the railroad company at Floresville, Tex., taking a bill of lading therefor and consigning said cotton to himself at Houston, Tex., and then drawing his draft for the sum of money to be advanced thereon, payable to the order of First National Bank of Floresville, and drawn against plaintiffs at Houston, Tex., attaching said draft to said bill of lading and delivering said draft to said First National Bank of Floresville, which would send the same with the bill of lading attached thereto through its regular banking connections for presentation to and collection from plaintiffs at Houston, Texas.

"(4) That, in accordance with the method of transacting said business hereinbefore stated, defendant drew its several drafts, each and all of which were paid at Houston, Tex., by plaintiffs, as follows: [Then follows itemized list of drafts drawn and dates of same.] That said drafts so drawn, together with interest thereon, at rate of 6 per cent. per annum from the date of the advancement of said money, as aforesaid, aggregated the sum of $154,931.89 on July 27, 1914. That on said July 27, 1914, defendant was entitled to credit on said indebtedness on account of the proceeds of cotton shipped as aforesaid to plaintiffs in the sum of $65,784.02, leaving the balance then due by defendant to plaintiffs the sum of $89,147.87. That thereafter, on August 31, 1914, plaintiffs, at the special instance and request of defendant, advanced and paid to Lehman, Sterne & Co., of New Orleans, La., for the benefit of defendant, the sum of $22.62, and that said above-stated balance, together with said sum so advanced and interest thereon to the 5th day of November, 1914, aggregate the sum of $90,259.02 due and owing to plaintiffs by defendant on November 5, 1914. That from and after said 27th day of July, 1914, defendant, by reason of the sale of cotton consigned and delivered to plaintiffs as aforesaid, became and was entitled to a credit upon said indebtedness amounting to the sum of $44,556.63, leaving a balance due on November 5, 1914, from defendant to plaintiffs of the sum of $45,702.39, which said sum, by reason of the premises, defendant promised to pay and became bound and liable to pay to plaintiffs at Houston, in Harris county, Tex., and yet to pay the sum or any part thereof, though often requested, defendant has wholly failed and refused, to plaintiffs' damage in the sum of $50,000.

"(5) That in order to secure the payment of said sum or any sum which might be owing by defendant to plaintiffs on account of the transactions aforesaid, defendant transferred and delivered to plaintiffs certain certificates evidencing ownership of capital stock in certain corporations, as follows, to wit: Certificate No. 108, for 100 shares of the par value of $100 each in the Floresville Oil & Manufacturing Company; certificate No. 1, for 120 shares of the par value of $100 each in Holtermann Hardware Company; certificate No. 6 for 20 shares of the par value of $100 each in the First National Bank of Floresville, Tex.; certificate No. 4, for 20 shares of the par value of $100 each of the capital stock of the First National Bank of Floresville, Tex. That said above-described certificates of stock are in the possession of plaintiffs, and that they have and hold a valid pledgees' lien upon the same to secure above-described indebtedness.

"Premises considered, plaintiffs pray for citation and that upon hearing they have judgment against defendant for their debt, interest, and costs of suit, and for a foreclosure of their lien upon said certificates of capital stock in said corporations and upon the stock represented by said certificates, together with an order of sale therefore, and for such other relief, both general and special, as they may be entitled to, either at law or in quity, and as in duty bound will ever pray."

To this petition the plaintiff in error filed a plea of privilege to be sued in the county of his residence, as follows:

"In the above numbered and styled cause comes now John Griffith, defendant in said cause, and appears only and solely for the purpose of asserting and urging his privilege to be sued in the county of his residence, and he here now pleads:

"(1) He says that he was not a resident of Harris county, Tex., at the time this suit was filed; that he was not a resident of said county at time citation in this suit was served upon him; that he is not now at the time of filing this plea a resident of said county; and that since long prior to the institution of this suit he has at no time been, and is not now, a resident of Harris county, Tex.

"(2) That at the time this suit was filed, and at all times since then, he was and has been and now is a resident of Wilson county, Tex.

"(3) That none of the exceptions to exclusive venue in the county of one's residence mentioned in article 1830 and article 2308 of the Revised Statutes of Texas exist in this case.

"(4) Wherefore this defendant pleads specially his privilege to be sued in Wilson county, Tex., and not in Harris county, Tex., and he now hereby objects and excepts to the district court of Harris county requiring him to answer or plead further in this cause."

Upon this plea of privilege the court took the following action:

"And now, on this February 19, 1915, the defendant's plea of privilege to be sued in the county of his residence coming on to be heard at the first term and in advance of the hearing on the merits of the cause, and being duly considered by the court, the court is of opinion that the same ought to be overruled."

Plaintiff in error first assigns error as follows:

"This suit was by the defendants in error against plaintiff in error to recover a large sum of money alleged to be due for money advanced plaintiff in error upon cotton shipped to defendants in error as cotton brokers, there being no obligation in writing to pay said sum of money in the county of Harris, where the suit was instituted, and it appearing from the pleadings of defendants in error that the plaintiff in error resides in Wilson county, Tex., and not in Harris county, Tex., that no reason is shown by the petition of defendants in error nor by the facts proven upon the hearing of the plea of personal privilege made and presented by the plaintiff in error to the jurisdiction of the district court of Harris county, to be sued in the county of his residence. The plea of personal privilege was duly presented upon the allegations of the petition of defendants in error and other facts proven upon said hearing, but was by the court overruled.

"In overruling the plea of personal privilege so made and presented by the plaintiff in error upon the facts and under the circumstances above set forth, the court erred."

The proposition under this assignment is:

"It appearing from the allegations of the petition of defendants in error that plaintiff in error was a resident of Wilson county, Tex., and not of Harris county, Tex., where the venue of the suit was laid, and no reason shown by the pleadings or the facts proven giving venue in Harris county, the plaintiff in error was entitled to have this cause tried in Wilson county, the place of his residence, and the trial court erred in refusing to sustain plaintiff in error's plea of personal privilege to be sued in the county of his residence."

Under the allegations in the petition of defendants in error heretofore set out, and the provisions of article 1830, Vernon's Sayles' Statutes 1914, no person who is an inhabitant of this state shall be sued out of the county in which he has his domicile, except, among others, in the following cases, to wit:

"* * * Where a person has contracted in writing to perform an obligation in any particular county in which case suit may be brought either in such county, or where the defendant has his domicile."

It is urged that under the allegations in the petition of defendants in error, the provisions of this article of the statute, the venue of the case at bar could not be maintained in Harris county, unless the cause of action was based upon a contract in writing performable in such county.

It is further urged that the suit was upon open account against plaintiff in error to recover judgment for money advanced him by defendants in error as cotton factors; that it is not material or pertinent to the issues of venue of this court to consider that the cotton was shipped by plaintiff in error from Wilson county to Harris county, with bills of lading and drafts attached, consigned to his own order, and that such drafts were paid by defendants in error, for the reason the cause of action is not based upon the bills of lading, nor upon the drafts drawn by plaintiff in error; that the drafts were paid, or, in other words, defendants in error advanced money on the cotton received, kept the cotton for a time, sold it, and applied the proceeds in part payment of the amount advanced by them for plaintiff in error's account. It is further urged that the suit was in no sense a suit upon a contract to pay money in Harris county, or upon a written contract performable in Harris county, but was purely an action in assumpsit.

[1, 2] We are of opinion that this contention is correct. The fact that plaintiff in error, after his plea to the venue had been acted upon by the court, and his bill of exception taken to the court's action, presented a counterclaim, whether called a cross-action or a plea for affirmative relief against defendants in error, did not waive his privilege to be sued in his own county. It is contended upon this proposition that, where a plea of privilege is filed in due order of pleading, and has been acted upon adversely to the party pleading the privilege to be sued in the county of his residence, a subsequent filing of a plea over and against the plaintiff in the cause does not affect or work a waiver of the plea of privilege, and the case of Hickman v. Swain, 106 Tex. 431, 167 S. W. 209, is cited as holding that doctrine. Judge Brown wrote the opinion in that case, and uses, among other language, the following:

"'Appellant, C. W. Hickman, alleged to reside in Tippecanoe county, Ind., instituted this suit in the district court of Tarrant county, Tex., against M. F. Swain and nine other persons, all of whom were alleged to reside in Knox county, Tex., upon a promissory note executed by the defendants named on March 31, 1908, for the sum of $1,500, and payable to the order of J. Crouch & Son at the Farmers' State Bank of Knox City, Tex., on or before October 1, 1910. It was * * * alleged that J. Crouch & Son was a firm composed of Jeptha Crouch and George Crouch, who both resided in the state of Indiana, and who were consequently not made parties to the suit by the petition. All defendants named in the petition were either cited or answered as hereinafter stated, save the defendant J. A. Wood, who does not appear to have been cited or to have joined in an answer of any kind. Of the defendants named in the plaintiff's petition, appellee M. F. Swain and seven others joined in a plea of privilege to be sued in Knox county. The plea was duly verified, filed, and presented, as hereinafter stated. In addition to this plea of privilege, these defendants at the same time filed an answer in which C. C. Tucker and R. E. Butler, who were not parties to the plea of privilege, joined. The answer, in substance, alleged that the payees of the note, J. Crouch & Son, and J. A. Wood, one of the signers thereto, had, for the purpose of deceiving and defrauding, conspired together in fraudulently representing the value and quality of a certain horse owned by J. Crouch & Son which defendants, by the means stated, had been induced to purchase, and for which they gave the note sued upon and another of like amount which they had therefore paid to J. Crouch & Son. The prayer was, as against the plaintiff, Hickman, for a cancellation of the note sued upon, it being alleged that he was not a bona fide owner and holder of the note, or, if so, a purchaser after its maturity, and for judgment "against said J. Crouch & Son and said J. A. Wood, jointly and severally, or against such of them as are brought within the jurisdiction of the court," for the sum alleged to have been

paid to J. Crouch & Son on the note previously paid. It should, perhaps, be further stated in this connection that the note as sued upon had, among other indorsements, the following: "Received of J. A. Wood one hundred and fifty dol. $150.00, this being his pro rata of the within note, this April 1, 1908. J. Crouch & Son."

"The trial court in due order heard the plea of privilege, and having found, as the evidence justifies, that its material allegations were true. and that the answer to the merits had been filed subject to the action of the court upon the plea of privilege, sustained the plea of privilege, and, as to all parties, ordered the cause transferred to the district court of Knox county, Tex., and from this order the plaintiff in the suit prosecutes an appeal, which is now pending before us.

"In this state of the record, we deem it advisable to certify to your honors the following questions, viz.:

"First. Whether an appeal from such an order is allowable at all under chapter 4 of title 30 of the Revised Statutes, as amended by the act of the Thirtieth Legislature approved April 18, 1907? See General Laws 1907, p. 248.

"Second. If so, whether the answer of the defendants who joined in the plea of privilege is of such affirmative character as to constitute a waiver on their part of the plea of privilege to be sued in Knox county?

"And third. If not, did the court err in transferring the cause as to those defendants, Tucker, Butler, and Wood, who failed to join in the plea of privilege?'

"The following articles of the Revised Statutes govern the action of the court on the questions submitted:

"'If a plea of privilege is sustained, the cause shall not be dismissed, but the court shall transfer said cause to the court having jurisdiction of the person of the defendant therein; and the costs incurred prior to the time such suit is filed in the court to which said cause is transferred shall be taxed against the plaintiff.' Article 1832, R. S. 1911.

"'Whenever a plea of privilege to the venue, to be sued in some other county than the county in which the suit is pending, shall be sustained, the court shall order the venue to be changed to the proper court of the county having jurisdiction of the parties and the cause; and the clerk shall make up a transcript of all the orders made in said cause, certifying thereto officially under the seal of the court, and transmit the same, with the original papers in the cause, to the clerk of the court to which the venue has been changed; provided, that nothing herein shall prevent an appeal from the judgment of the court sustaining a plea of privilege.' Article 1833, R. S. 1911.

"Prior to the enactment of the above statutory provisions, when the plea of privilege was sustained, the case was dismissed, from which judgment an appeal would lie. The proceeding was the same then as now, except that the case will not be dismissed. The judgment would be interlocutory, from which no appeal would lie, unless the right is preserved by this language: 'Provided, that nothing herein shall prevent an appeal from the judgment of the court sustaining a plea of privilege.'

"If the plea of privilege in this case had been tried under the former law, the case would have been dismissed, and plaintiff could have appealed, and the action sustaining the plea of privilege would have been revised. If the plea had been overruled, the defendant, upon appeal, could have had it reversed. The evident purpose of the proviso to article 1833 was to preserve to the plaintiff the right of appeal which existed before that article was enacted. If the law be construed so as to require the plaintiff to await a trial in the county to which it was transferred, the right to have the court's action revised would be practically denied. The construction we give to the proviso preserves the rights of both parties, and will prevent the delays and expense of a trial the judgment in which might be reversed on the issue of venue alone, requiring a second trial on the merits. The language of the proviso to article 1833 cannot be applied otherwise than as saving to the plaintiff the right of appeal as it formerly existed in such matters, constituting an exception to the general rule that an appeal cannot be prosecuted from interlocutory orders or judgments.

"We answer that the appeal was authorized in this case. If the plea of privilege was filed in the due order of pleading, the filing thereafter of a plea over against plaintiff did not affect the right of the defendants to insist upon the transfer of the case to the county in which they resided.

"The granting of the plea of privilege had the effect to transfer to Knox county the case entirely as to parties and subject-matter of the suit and plea of defendants over against plaintiff."

It is contended that the doctrine stated heretofore was held by the Supreme Court of this state in the aforesaid case of Hickman v. Swain, and it is further said that it is inconceivable that the Supreme Court of this state would ever hold that, where the defendant in a case presents and has the trial court to act upon a plea of personal privilege, and the same is overruled he could be held to subject himself to the jurisdiction of the court by any character of pleadings proper or necessary in that connection; that it is the evident intent, purpose, and meaning of the statute to provide that no person who is an inhabitant of this state shall be sued out of the county in which he has his domicile, except in certain cases enumerated in the statute; that it cannot be successfully contended in this case that the suit instituted by defendants in error was brought upon any exception under article 1830 of the Revised Statutes, entitling them to sue plaintiff in error out of the county of his domicile. The plea of personal privilege having been submitted to the court upon the evidence, and the plea having been overruled, no act of the plaintiff in error in making and presenting his pleas, whether in the nature of counterclaim or cross-action, could subject him to the jurisdiction of the court, or constitute a waiver of his privilege to be sued in the county of his residence. It was never contemplated that a party litigant could be limited to an action against him in his defenses and thereby be proscribed.

We believe from the above, and upon consideration of the same, that the reasoning above given is sound legally. The lower court, in our opinion, should have granted the plea and transferred the cause to Wilson county for trial, and, not having done so, the case must be reversed here. It was proper and right to grant the plea of privilege. notwithstanding the fact of plaintiff in error's cross-bills and answers. Believing this to be the true rule in this state, we are of opinion that the case must be reversed and remand-

ed, with instructions that the venue be transferred to Wilson county, Tex.

It is so ordered.