### MARTIN et al. v. KIESCHNICK et al.*
(No. 211–3308.)

(Commission of Appeals of Texas, Section A. June 1, 1921.)

1. Venue ⬅⮕17—Statute as to where suit to enjoin execution shall be brought one of venue, and so waivable.

Rev. St. 1911, art. 1830, subd. 17, providing that no one shall be sued out of the county of his domicile, except when suit is brought to enjoin execution it shall be brought in the county where the judgment was rendered, is one of venue only, and not of jurisdiction; so defendant may waive his privilege.

2. Venue ⬅⮕17—Claim of privilege not waived by following general demurrer in the same answer.

Right of a defendant under Rev. St. 1911, art. 1830, subd. 17, to have action to enjoin execution tried in the county of the judgment, is not waived though the general demurrer filed contemporaneously with the plea in abatement precedes it in the arrangement in the answer, and there is a proviso to article 1902 allowing a defendant in his answer to plead as many several matters, whether of law or fact, as he shall think necessary for his defense, that he shall file them all at the same time "and in due order of pleading."

3. Venue ⬅⮕17—Claim of privilege waived by invoking action on general demurrer and acquiescing in action thereon.

Defendant's claim of privilege to have action determined in another county, asserted by plea in abatement, is waived by his invoking action of the court on the general demurrer, and abiding by its act in sustaining the demurrer and dismissing the action; whereas, if it had merely sustained the plea of privilege, it would under Rev. St. 1911, art. 1833, have transferred the case.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Suit by Richard Kieschnick and wife against Horace Martin and others. Decree dismissing the cause was affirmed by the

Court of Civil Appeals (208 S. W. 948), and plaintiff brings error. Affirmed.

W. A. Morrison, of Cameron, and O. D. Graham, of Thorndale, for plaintiffs in error.

E. A. Wallace, of Cameron, for defendants in error.

SPENCER, J. Defendants in error filed this suit in the district court of Milam county, Tex., on September 22, 1916, seeking to restrain the enforcement of an execution issued out of the justice court, precinct No. 1 of Crockett county, Tex., upon a judgment rendered by that court against the Thorndale Mercantile Company. Plaintiff in error, the Thorndale Mercantile Company, a corporation, and Horace Martin, constable of precinct No. 8, Milam county, Tex., were named as defendants in the original petition. These defendants filed an answer on October 16, 1916, consisting of a general demurrer and general denial. By an amended petition filed March 27, 1917, plaintiff in error W. M. Johnigan, justice of the peace, precinct No. 1, Crockett county, Tex., was made a party defendant.

Plaintiffs in error filed a joint amended answer consisting of a general demurrer, followed by several special exceptions calling in question the jurisdiction of the district court of Milam county to hear and determine the cause because of the venue being laid in virtue of subdivision 17 of article 1830, Revised Civil Statutes of 1911, in Crockett county, Tex. The answer also contained a special exception aimed at the allegations of plaintiff's petition seeking to recover punitive damages, and a demurrer for the benefit of the plaintiff in error Johnigan alone. The court granted a temporary order restraining the enforcement of the execution. The writ was made returnable to the district court of Milam county, Tex. Upon final hearing, the court sustained the general demurrer and all the special exceptions and dismissed the cause.

Appeal was taken by defendants in error to the Court of Civil Appeals and that court being of opinion that plaintiff in error Johnigan had waived his privilege to have the cause tried in Crockett county, Tex., reversed and remanded the cause. 208 S. W. 948.

[1-3] The question for our decision is: Did plaintiff in error W. M. Johnigan waive the plea of privilege accorded by article 1830, subd. 17, which reads:

"Art. 1830. No person who is an inhabitant of this state shall be sued out of the county in which he has his domicile, except in the following cases, to wit: * * * (17) When the suit is brought to enjoin the execution of a judgment or to stay proceedings in any suit, in which case the suit shall be brought in the county in which such judgment was rendered or in which such suit is pending."

The clause quoted is not a jurisdictional statute, but is one of venue only. It determines the venue of actions to be instituted under it, but does not confer jurisdiction over the subject-matter. It is not of that class of exceptions to be found in the statute which are provided for the exclusive benefit of plaintiffs, and which give to them exclusively the choice between different counties in selecting a place in which they will commence their actions. It is not mandatory in the sense that no court, other than the court of the county in which the judgment—the execution of which is sought to be enjoined—was rendered would have jurisdiction, but is controlling if invoked by defendant by the filing in due order of pleading of a proper plea. A defendant may waive his right to invoke it just as he may waive his right to be sued in the county of his domicile. State of Texas v. Snyder et al., 66 Tex. 687, 18 S. W. 106.

Article 1902, Revised Civil Statutes 1911, provides that the defendant in his answer may plead as many several matters, whether of law or fact, as he shall think necessary for his defense and which may be pertinent to the cause, provided that he shall file them all at the same time and in due order of pleading. In Graham v. McCarty & Brown, 69 Tex. 323, 7 S. W. 342, Judge Acker says that—

"'Due order of pleading' requires that a plea in abatement should precede answer to the merits, of either law or fact, is elementary."

In construing the same cause, Judge Roberts for the Supreme Court says:

"The special exceptions of the defendants in the nature of a plea of privilege, being matter alone pleadable in abatement, and being filed after a general demurrer and general denial was properly overruled by the court. They were not filed in 'due order of pleading.' (O. & W. Dig., article 426.) The fact that the matter embraced in the special exceptions was shown in the petition, so that 'the truth of the plea appeared of record,' would dispense with its being pleaded formally under oath, and with the necessity of the adducing other proof in support of it; nevertheless, it was a dilatory plea, (however it might be presented,) which must precede a general demurrer and general denial. Paschal's Digest, articles 1 to 4." Compton v. Stage Co., 25 Tex. Supp. 67.

In each of these cases the records show that the plea in abatement was filed subsequent to the filing of the general demurrer and general denial and not contemporaneously therewith, as in the present case. The language quoted is not authority for holding that where the plea in abatement is filed contemporaneously with the general demurrer and general denial, and the general demurrer precedes the plea in abatement in the arrangement in the answer, that the plea in abatement is thereby waived. That question was not before the court in either case. Where the pleas and defenses are filed contemporaneously, we think the rule announced

in Hagood v. Dial, 43 Tex. 625, is controlling. It is there said:

"Whilst the privilege of being sued only in the county of his residence, which our statute, with specified exceptions, gives a defendant, is waived if not asserted before answering to the merits, we think it is not waived where (as in this case it is fair to conclude) the plea asserting it was filed contemporaneously with other defenses. It was held very early by this court that the common-law rules of pleading were inapplicable under our system to this plea. (Richardson and Wife v. Pruitt, 3 Tex. 228.) It is evident that the defendant did not intend by his exceptions and pleas to the merits to waive his privilege which he had already asserted; and, we think, that as to this point the court ruled correctly."

Under the ruling in the Hagood Case, supra, we do not think that plaintiff in error, Johnigan, waived his privilege to have the cause of action against him determined in Crockett county, because the plea in abatement filed contemporaneously with the answer to the merits precedes the general demurrer in its arrangement in the answer; but we do think that he waived his privilege for the reason that he invoked the action of the trial court upon the general demurrer and special exceptions nine and eleven. Special exception No. 9 was aimed at the allegation of plaintiff's petition seeking to recover punitive damages, and special exception No. 11, in the nature of a general demurrer, called in question the right of the plaintiff to maintain the suit against Johnigan because all the alleged actions and omissions of Johnigan relied upon for recovery were performed in his official capacity and in performance of his official duties as justice of the peace. The court sustained, not only the general demurrer, but these special exceptions.

The court in passing upon this general demurrer passed upon the legal sufficiency of the plaintiff's petition, and the cause of action was evidently dismissed in pursuance to the court's ruling in sustaining the general demurrer. Had the court merely sustained the plea in abatement and taken no action upon the general demurrer, it would not have dismissed the cause of action, but would have transferred it to Crockett county, as required by article 1833, Revised Civil Statutes 1911. Hickman v. Swain et al., 106 Tex. 431, 167 S. W. 209. This act of the court, acquiesced in by plaintiff in error Johnigan, was tantamount to a waiver by him of his privilege to have the cause of action determined in Crockett county.

We recommend, therefore, that the judgment of the Court of Civil Appeals reversing and remanding the cause be affirmed.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.