## BEIER et al. v. SANDGARTEN.
### No. 10299.

Court of Civil Appeals of Texas. Galveston.
Dec. 10, 1936.

Rehearing Denied Jan. 7, 1937.

Escar R. Wren, of Houston, for apellants.

Spurgeon E. Bell, of Houston, for appellee.

LANE, Justice.

D. W. Beier and L. Urban brought this suit against Joe Sandgarten on the 4th day of August, 1934, alleging that they had at the request of the defendant done certain auditing and bookkeeping work for him; that such services of plaintiffs in performing the work were of the value of $330, which sum, plaintiffs alleged, constituted a reasonable and just fee or charge for said services and work; that defendant had paid $30 of such sum, but he is now indebted to plaintiffs in the sum of $300, which he has failed and refused to pay after frequent demands have been made upon him therefor. Plaintiffs pray for judgment for the sum of $300.

On the 12th day of December, 1934, about four months after plaintiffs' suit was filed, defendant filed his answer to the merits of the cause. Such answer embraced a general demurrer, a general denial, and special answer, denying that the account in plaintiffs' petition is just, and saying that the same is not just or true in whole or in part.

On the 2d day of January, 1935, the defendant filed a motion to withdraw his original answer filed on December 12, 1934, alleging that "because the appearance day in said cause was the first Monday in January, 1935, and because said answer presented pleadings that were not filed in due order, and if defendant was not allowed to withdraw said answer and file a new answer, presenting a due order of pleadings, he would thereby be deprived of a substantial right to be tried in the county of his residence, the same being Bastrop County, Texas."

The court sustained defendant's motion to withdraw his answer on the 4th day of January, 1935.

On the 7th day of January, 1935, defendant filed an answer pleading his privilege to be sued in Bastrop county, the alleged county of his residence.

On the 8th day of January, 1935, plaintiffs filed their controverting plea to defendant's plea of privilege, alleging that defendant had on the 12th day of December, 1934, answered to the merits of this cause, and requested plaintiffs to have the case set for trial, and that by said acts of defendant he had waived his right to plead his privilege to have the case tried in Bastrop county.

Further controverting said plea of privilege, plaintiffs alleged that defendant owned and operated a trucking business in the city of Houston in Harris county, spending a large part of his time in said city and county, doing a large business in the city and county, and that by said acts he had established a residence in Harris county sufficient to confer jurisdiction upon the county court at law of Harris county to try the case.

On the 26th day of January, 1935, the court sustained defendant's plea of privilege, and ordered the cause transferred to the proper court of Bastrop county for trial. Plaintiffs have appealed from that judgment to this court.

For reversal of the judgment, appellants contend that as appellee had, before filing his plea of privilege, answered to the merits of the case, and had filed a motion to withdraw his answer to the merits, and that as the court exercised its jurisdiction and entered an order permitting appellee to withdraw his answer to the merits of the cause, appellee had submitted to the jurisdiction of the court and waived his right to successfully plead his privilege to be sued in the county of his residence.

 We overrule the contention of appellants. Since, as already shown, the defendant, appellee here, was cited to appear and answer on the first Monday in January, 1935, and on the 12th day of December, 1934, filed a formal answer to the merits of the cause, and on the 2d day of January, 1935, before appearance day, filed a motion in court asking leave to withdraw his answer filed in December so that he might file an answer presenting in due order of pleading his plea of priv-

ilege to be sued in the county of his residence, it was, we think, within the discretion of the court to allow the answer to be withdrawn and an answer filed presenting a plea of privilege so that such plea might be presented in due order of pleading.

■ It is thought that if we bear in mind the real purpose of the statute prescribing a due order of pleading, it will be seen that the trial court acted correctly in this case in holding that appellee had not waived his privilege of being sued in the county of his residence. Articles 2006 and 2012 of our Civil Statutes have been generally held to apply to a party's plea of privilege the same as to all other dilatory pleas. We conclude that, this being so, the same rules of decision are applicable to a plea of privilege that are applicable to other dilatory pleas. The purpose of the statute prescribing a due order of pleading was not to deprive the defendant of any valuable right, but rather had as its purpose the preservation of an orderly disposition of a case. In other words, it was felt that pleas should be presented to the court in logical order and that pleas that go merely to the abatement of the suit should logically precede those pleas that operate as a bar.

We think that the action of the trial court fully effectuated the purpose of the rule requiring a due order of pleading, and that appellants suffered the loss of no right whatsoever by reason of the trial court's action, and that appellee was allowed to take advantage of a very substantial right. We think that it was within the discretion of the trial court to allow the withdrawal of the answer and to allow the filing of a new action presenting a due order of pleading, and that in the absence of a showing by appellants that they were by this action deprived of some valuable right, there was no abuse of discretion by the court.

■ It has been repeatedly held that the right of a party to be sued in the county where he has his domicile is a valuable right not to be defeated by any strained construction of the statutes or rules of the court. Hutchison v. R. Hamilton & Son (Tex.Civ.App.) 223 S.W. 864; Ryan v. Johnson (Tex.Civ.App.) 284 S.W. 652;

Russell v. Green (Tex.Civ.App.) 214 S.W. 448.

■ It has been uniformly held by the courts of this State that when a party in violation of the statutes and rules of the court files an answer which does not present a due order of pleading, it is within the discretion of the court to allow the defendant to withdraw his pleadings and to file a new answer presenting pleadings in due order if the plaintiff is not deprived of some valuable right. The rule deduced from the authorities is stated in 1 Texas Jurisprudence, § 121, p. 166, where it is said: "If the defendant desires to file a plea out of due order he should ask leave to withdraw his pleadings for the purpose, and it would seem, in a proper case, that the court in its discretion may permit the defendant to withdraw all of his pleadings and plead anew."

We think the conclusion reached by us is supported by the weight of authority in this State. Hall v. Castleberry (Tex.Civ. App.) 283 S.W. 581; Hoffman v. Cleburne Building & Loan Association, 85 Tex. 409, 22 S.W. 154; American, etc., v. Bandy (Tex.Civ.App.) 2 S.W.(2d) 977; Camden Fire Ins. Ass'n v. Clark (Tex.Civ.App.) 69 S.W.(2d) 463, 464.

In the case of Camden Fire Insurance Ass'n v. Clark, above cited, the court recognized the rule that a party might prevent a waiver of his plea of privilege, which he had failed to present in due order, by withdrawing a formal answer, made before the plea of privilege was filed, such withdrawal being granted by the court upon motion of the defendant therefor; the court said: "The rule is stated to be that when the defendant desires to file a plea out of due order he should ask leave of the court to withdraw his former pleading for the purpose of filing his plea, and it is a matter of discretion with the court to permit such withdrawal."

The rule next above quoted is recognized by all of the cases we have cited as well as many others.

Having reached the conclusions above expressed, it becomes our duty to affirm the judgment of the trial court, and it is accordingly so ordered.

Affirmed.