## PANTHER OIL & GREASE MFG. CO. v. ANDERSON.

No. 10707.

Court of Civil Appeals of Texas. San Antonio.

March 6, 1940.

Rehearing Denied April 3, 1940.

Crane & Glarner, of Raymondville, for appellant.

S. P. Nielsen, of Sebastian, for appellee.

MURRAY, Justice.

This suit was instituted by A. A. Anderson against Panther Oil & Grease Manufacturing Company, in the Justice's Court, Precinct No. 4, Willacy County, Texas, for the sum of $98, $60 of which was for damages, $18 for freight paid on roofing material, and $20 for reimbursement of amount paid on account.

Panther Oil & Grease Manufacturing Company, a corporation, filed in due time

its plea of privilege to be sued in the county and precinct of its residence, that is, Precinct No. 1, Tarrant County, Texas.

Anderson filed his controverting affidavit setting up the fact that the Manufacturing Company had entered into a contract in writing to perform an obligation in Precinct No. 4, Willacy County, Texas. The affidavit did not specify what the nature of the obligation was. It did state that on or about September 24, 1937, at Sebastian, Willacy County, Texas, Anderson entered into written contracts with the Manufacturing Company for the purchase of 100 gallons of Battleship Liquid Asbestos Roof Coating, and that the contracts are attached to the affidavit and marked Exhibit "A" and referred to and made part of the affidavit for all purposes. The contracts attached to the affidavit read as follows:

contracted in writing to be performed in Precinct No. 4, Willacy County.

On the reverse side of the contracts is found what is labeled, "Our Liberal Seven Year Guarantee," which reads as follows:

"1. Satisfaction: If Battleship Liquid Asbestos Roof Coating and Battleship Plastic Cement are applied according to the simple printed instructions furnished with the invoice, we positively guarantee (see paragraph 2 below) Battleship Asbestos Roof Coating for a period of seven years. If the roof on which it is properly applied should leak during the guarantee period, we will furnish—no charge—sufficient additional coating for you to keep your roof in a waterproof condition. (The privilege is granted us to furnish, without cost to you, an inspection of your roof at any time during the seven year Guarantee Period.)

"Bought of Panther Oil & Grease Mfg. Co. Fort Worth, Texas — Sept. 24, 1937.

Charge to A. A. Anderson — Payment Plans: Jan. 1, 1938. Postoffice Sebastian, Texas.

1 Container, Capacity 35, Total quantity in Gal. 35. Battleship Liquid Asbestos Roof Coating. Price per gal. $1.27 1 Brush—4 rolls tape.

Signature of Buyer,

Salesman Signature H. J. Hall — A. A. Anderson"

"Bought of Panther Oil & Grease Mfg. Co. — Sept. 27, 1937

Charged to A. A. Anderson — Payment Plans: Jan. 1, 1938. Sebastian, Texas.

1 Container, Cap. 65—Total Quantity in Gal. 65 Battleship Liquid Asbestos Roof Coating. Price per gal. $1.15 3 rolls tape—1 Brush.

Signature of Buyer: A. A. Anderson Salesman Signature ————"

After reading these contracts we are still at a loss to know what obligation the Manufacturing Company had contracted to perform in Precinct No. 4, Willacy County, Texas. The conclusion that the Manufacturing Company had entered into a written contract to perform certain obligations in Sebastian, Willacy County, Texas, is entirely too general to state any fact or facts upon which Anderson was relying to hold venue in Precinct No. 4, Willacy County, Texas. For this reason alone the plea of privilege should have been sustained. However, after examining the evidence we do not find any obligation which the Manufacturing Company had

"2. Battleship: Should Battleship Liquid Asbestos Roof Coating and Battleship Plastic Cement be applied according to our simple printed instructions and the account discharged per terms of order and fail to give you roof protextion for seven years from invoice date, excepting in case of earthquakes, cyclones, and other acts of God, we hereby agree to furnish no charge sufficient additional coating for you to keep your roof in a waterproof condition for the full duration of the seven year guarantee period."

This guarantee is that if the material is properly applied to the roof and the account discharged per terms of the order, and it

fails to give the roof protection for seven years, the Manufacturing Company agrees to furnish "no charge sufficient additional coating" to keep the roof in a waterproof condition. Anderson shows that he has not performed his part of the contract, because he has not discharged the account per terms of the order. Furthermore, the Manufacturing Company does not agree to furnish the additional coating in any certain place.

Appellee, Anderson, contends, however, that the Manufacturing Company having filed a cross-action it has thereby waived its plea of privilege. We overrule this contention. 43 Tex.Jur. p. 882; Hickman v. Swain, 106 Tex. 431, 167 S.W. 209; Gohlman v. Whittle, 115 Tex. 9, 273 S.W. 806; Martin v. Kieschnick, Tex.Com.App., 231 S.W. 330; Whisnant v. Kurtz, Tex.Civ. App., 228 S.W. 977; Griffith v. Gohlman, Lester & Co., Tex.Civ.App., 200 S.W. 233; Hall v. Castleberry, Tex.Civ.App., 283 S. W. 581; Employers' Casualty Co. v. Wm. Cameron & Co., Tex.Civ.App., 288 S.W. 584; Grogan-Cochran Lumber Co. v. McWhorter, Tex.Civ.App., 4 S.W.2d 995; Matthews v. Hedley Motor Co., Tex.Civ. App., 47 S.W.2d 661.

The judgment is reversed and judgment here rendered that the cause be transferred to the Justice's Court Precinct No. 1, Tarrant County, Texas.