## PALMER v. CHEYNE et al.

### No. 6692.

Court of Civil Appeals of Texas.

Texarkana.

Sept. 10, 1953.

Rehearing Denied Oct. 1, 1953.

Brown & Brown, Texarkana, for appellant.

B. F. Edwards, Clarksville, for appellees.

HALL, Chief Justice.

This is an appeal from an order of the District Court of Bowie County sustaining appellees' plea of privilege to be sued in Red River County where they maintain their residence. The only question presented here is whether appellees waived their plea of privilege by inserting therein paragraph No. 6, reading: "And the defendants (appellees) deny all and singular the allegations in plaintiffs' (appellants') petition contained, demands strict proof thereof, and of this they put themselves upon the country." Appellant contends that the above pleading constitutes a general denial and puts in issue all allegations in his petition and is the basis for his only point brought forward.

The plea of privilege containing paragraph six, set out above, was filed on October 27, 1952. Appellant's controverting affidavit was filed October 30, 1952. Appellees, with permission of the trial court, filed an amended plea of privilege omitting paragraph 6, the general denial, on November 24, 1952. Judgment sustaining the plea of privilege was rendered, filed and recorded on December 29, 1952. So, it appears that the issues on the plea of privilege with respect to the waiver thereof on account of the general denial contained therein, were joined before appellees' amended plea omitting the general denial was filed.

As heretofore pointed out, appellees, with permission of the trial court, amended their plea of privilege by striking out paragraph six and the case was heard upon their amended plea.

The rule is well settled that either of the parties to a plea of privilege action have a right to amend their pleadings with consent of the court.

The procedure followed by the court below in this trial is a correct one and is supported by the following authorities: Hickman v. Swain, 106 Tex. 431, 167 S.W. 209; Martin v. Kieschnick, Tex.Com.App., 231 S.W. 330; Hall v. Castleberry, Tex.Civ. App., 283 S.W. 581; Beier v. Sandgarten, Tex.Civ.App., 99 S.W.2d 1004; Panther Oil & Grease Manufacturing Co. v. Anderson, Tex.Civ.App., 138 S.W.2d 561.

The only issue before us is whether the filing of the original plea of privilege which included paragraph 6 (general denial) was such an answer to the merits as would preclude the appellees from insisting on their plea of privilege; or would constitute a

waiver of their plea. In our opinion, under the circumstances present here, it did not constitute a waiver of the plea of privilege. There is no issue as to the sufficiency of the evidence to support the judgment of the court below.

Therefore, the judgment is in all things affirmed.