**F. H. VAHLSING, INC., Appellant,**

v.

**Eligiro ADAMES et al., Appellees.**

No. 6999.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 28, 1960.

Rehearing Denied Jan. 3, 1961.

Bruce L. Miller, Hereford, for appellant.

Hay & Gillespie, Lubbock, for appellees.

DENTON, Chief Justice.

This is an appeal by appellant (defendant below) from an order of the District Court of Floyd County overruling its plea of privilege to be sued in Hidalgo County, the location of its principal office. The suit was instituted by Eligiro Adames and four other fellow workers against appellant for wages due for labor appellees alleged they performed in gathering, hauling, and grading onions for appellant. Appellees sought to maintain venue in Floyd County under two separate provisions of Subdivision 23 of Art. 1995 Vernon's Ann.Civ.St., namely:

"Suits against a private corporation * * * may be brought * * * in the county in which the cause of action or part thereof arose; or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, association or company has an agency or representative in such county."

Appellant's two points of error complain of the trial court's action in overruling the plea of privilege because of appellees' failure to both plead and prove a cause of action or any part thereof arose against appellant in Floyd County. These two points of error will be discussed together as they go to both

provisions of Subdivision 23 relied on by appellees. In order to maintain a cause of action against a private corporation in a county other than the county of its principal office under Subdivision 23, appellees were required to plead and prove that the cause of action or part thereof arose in Floyd County. Farm Air Service, Inc. v. Houston Fire & Casualty Ins. Co., Tex.Civ. App., 309 S.W.2d 510, Hudson & Eads, Inc. v. Enlow, Tex.Civ.App., 302 S.W.2d 479 and Pacific Finance Corp. v. Crouch, Tex.Civ. App., 243 S.W.2d 432.

■ Appellees pleaded that appellant corporation entered into an oral contract with appellees to perform labor in gathering, hauling, grading, and loading onions for appellant corporation; that such labor was to be performed in Floyd County at a stipulated price for various phases of the work: 45¢ per hundred pounds for gathering the onions; 3¢ per hundred pounds for hauling and grading; and 5¢ per hundred pounds for loading the onions on railroad cars. It was further pleaded that such labor was performed and that appellant corporation refused to pay appellees for such labor. The pleadings are clearly sufficient to state a cause of action and if a cause of action does exist, it clearly arose in Floyd County where the contract was to be performed.

We must now determine if a cause of action was sufficiently proved to sustain venue in the county other than the residence of the appellant private corporation. Upon the hearing on the plea of privilege before the trial court, two of the appellees testified to conversations had with one C. W. Duncan relative to their performing the labor alleged. They testified that Duncan worked for F. H. Vahlsing Corporation but neither knew of their own knowledge his exact relationship with the corporation. They testified Mr. Duncan placed a long distance telephone call to F. H. Vahlsing in New York and Adames thereupon discussed the working agreement with the person identified to him as F. H. Vahlsing. This conversation resulted in Adames and his as-sociates agreeing to begin processing the onions for 40¢ per hundred pounds. A later long distance telephone call between Adames and Vahlsing resulted in Vahlsing agreeing to increase the price to be paid to appellees to 45¢ per hundred pounds. Further testimony was presented to the effect that the appellees gathered and shipped onions from appellant's plant or shed in Lockney, Floyd County, Texas. Invoices and shipping bags which were used by appellees were marked with appellant's corporate name. Further testimony brought out that although appellant had paid appellees a portion of the wages earned, a balance was still due and owing and the appellant had refused to pay the remaining balance. Gerald Cardinal testified he was supervisor and bookkeeper for the appellant corporation at its onion shed in Lockney. He testified he handled the shipping of appellant's onions from Lockney and that he distributed money based upon the company pay roll to appellant's employees in Lockney. He further testified that Adames and Hernandez, two of the appellees herein, did ship appellant's onions from the shed in Lockney and that these appellees were, for a time, on the company pay roll.

■ Subdivision 23 in fixing venue in the county in which the cause of action or part thereof arose contemplates a primary right in the plaintiff and a corresponding breach thereof. This subdivision clearly permits the case to be tried in the county where the transaction occurred which created this primary right and a breach thereof was committed. Ed Friedrich Sales Corp. v. Deitrick, Tex.Civ.App., 134 S.W.2d 760 and Stull's Chemicals, Inc. v. Davis, Tex. Civ.App., 263 S.W.2d 806.

■ We conclude that the necessary elements of the cause of action were sufficiently proved to establish a primary right of these appellees and a breach by appellant to maintain this suit in Floyd County. In view of our finding that venue is maintainable in Floyd County under the section of Subdivision 23 on the basis that the cause of action

arose in that county, we deem it unnecessary to discuss the merits of appellees' assertion of venue in Floyd County based on appellees' residence and whether or not an agent or representative of appellant corporation was in that county.

The judgment of the trial court in overruling appellant's plea of privilege is affirmed.