**DANAHO REFINING COMPANY,**
Appellant,

v.

**Clifton E. DIETZ et al., Appellees.**

**No. 45.**

Court of Civil Appeals of Texas.

Corpus Christi.

April 16, 1964.

Dean Patton, of Morrill & Patton, Beeville, Jacques P. Adoue, Houston, for appellant.

Robert D. Nogueira, Beeville, for appellees.

GREEN, Chief Justice.

This appeal is from an order overruling a plea of privilege. The parties will be designated as in the trial court.

Six plaintiffs, former employees of defendant, joined in one petition to bring suit for breach of an alleged contract between defendant and its employees at its plant at Pettus, Bee County, Texas, by the terms of which, so plaintiffs allege, defendant became obligated to pay to each employee, including plaintiffs, an annual Christmas bonus equal to one month's salary in lieu of a salary raise.

Four days after defendant filed its plea of privilege, a controverting affidavit was filed on behalf of all of the plaintiffs, invoking Subd. 23, Article 1995, Vernon's Ann.Tex.Civ.St. This instrument was signed by the attorney for plaintiffs, and by plaintiff W. S. Schley, and was sworn to only by Schley. The original petition was made a part of said instrument by proper reference. Thereafter, plaintiffs filed their first amended petition. On the same day an amended controverting affidavit was filed by all six plaintiffs, incorporating the amended petition by reference, signed by the attorney for plaintiffs, and sworn to only by plaintiff Schley.

Defendant in a reply to the amended controverting affidavit filed special exceptions to the effect that there being six separate parties plaintiff, and plaintiff Schley not appearing to be agent or attorney for either of the other plaintiffs, said controverting affidavit was insufficient in law because it was not verified by each of the other plaintiffs, and further that no properly verified controverting affidavit was filed by any of the plaintiffs other than Schley, so that as a matter of law, the plea of privilege should be sustained as to all except Schley.

The trial court at a hearing on the pleadings overruled said special exceptions, and granted the other five plaintiffs leave to amend by signing and verifying their amended controverting affidavit. Thereupon each of said plaintiffs duly signed and swore to said pleading. Defendant submits by its first two assignments the alleged error of the court in these rulings.

Rule 86, Texas Rules of Civil Procedure states, in part " * * * If such adverse party desires to controvert the plea of privilege, he shall within ten days after he or his attorney of record received the copy of the plea of privilege file a controverting plea under oath, setting out specifically the grounds relied upon to confer venue of such cause on the court where the cause is pending."

In the present case, the alleged cause of action of each plaintiff depends on the existence of a contract between defendant and its employees at the Pettus plant concerning the payment of an annual Christmas Bonus, as alleged jointly by all plaintiffs. If said contract could not be established, none of the plaintiffs could recover. Under such circumstances we hold that the original controverting affidavit was sufficient to place in issue the venue question as to all plaintiffs. Rule 86, T.R.C.P.; Pounds, et al. v. Marler, et al., Tex.Civ.App., 50 S.W.2d 382, n. w. h.; Anders v. Newsom, et al., Tex.Civ.App., 217 S.W.2d 422, n. w. h.; Montgomery v. Gibbens, Tex.Civ.App., 245 S.W.2d 311. The plaintiffs, after amending their petition, had the right to file, and in fact were required to file, their amended controverting affidavit if they wished to incorporate by reference the allegations of such amended petition in said controverting affidavit, and such amendment relates back to and supersedes the original. McDonald, Texas Civil Practice, Vol. 1, § 4.50, page 451, and cases cited.

Defendant in his brief seemingly agrees that if there had been no special exceptions directed at the failure of the remaining five plaintiffs to verify the controverting affidavit, said pleading, duly sworn to by plaintiff Schley, may have been good on behalf of all plaintiffs on the ground that defendant would have waived the failure of the other plaintiffs to so verify. But, defendant contends, there was no such waiver by it due to the special exceptions it filed, as well as the objections and exceptions it made to all testimony concerning the five plaintiffs who did not swear to the controverting affidavit at the time it was filed. Anders v. Newsom, et al., supra.

We feel as stated above that the controverting affidavit was sufficient to place in issue the venue question as to all parties without being verified by the other five plaintiffs. In all events, the controverting affidavit being sufficient as to all parties in the absence of any special exceptions, it was subject to being amended, and the trial court was authorized to grant leave that it be amended by the addition of the verification of these five plaintiffs. Bates v. Stinnett, Tex.Civ.App., 170 S.W.2d 644; Phipps v. Reed, Tex.Civ.App., 219 S.W.2d 561; Maucini v. Haymes, Tex.Civ.App., 231 S. W.2d 757; Texas Emp. Ins. Ass'n v. Campion, Tex.Civ.App., 236 S.W.2d 193; Farmer, et al. v. Cassity, Tex.Civ.App., 252 S. W.2d 788; Palmer v. Cheyne, Tex.Civ. App., 261 S.W.2d 373, writ dism.; Texan Meat Co. v. Inness, Tex.Civ.App., 308 S.W. 2d 956.

As said by Justice Speer in Super-Cold Southwest Co. v. Green & Romans, Tex. Civ.App., 185 S.W.2d 749, 752, "The controverting affidavit is plaintiff's pleading in a venue case and is subject to amendment the same as any other pleading; if special exception is urged against such a pleading it may, at the proper time, be amended."

■ Defendant next contends that plaintiffs failed to establish the necessary elements of their various causes of action. We overrule this contention. Plaintiffs, to hold venue in Bee County, Texas, rely upon that portion of Subd. 23, Article 1995, V.A. T.S., which reads:

"Suits against a private corporation * * * may be brought * * * in the county in which the cause of action or part thereof arose."

The venue facts necessary to be proved by each plaintiff are (1) that defendant is a private corporation; (2) that plaintiff (each as to his own suit) has a cause of action against defendant; (3) that said cause of action, or a part thereof, arose in Bee County, Texas. Wood Motor Company v. Hawkins, Tex.Civ.App., 226 S.W.2d 487, n. w. h.; Appell Petroleum Corporation v. G. W. Townsend Lease Service, Tex.Civ. App., 375 S.W.2d 547.

The trial court having found for plaintiffs, we must examine the testimony in the light most favorable to them and indulge every reasonable inference in support of the judgment. James v. Drye, 159 Tex.

321, 320 S.W.2d 319; A. F. Drexler v. Architectural & Commercial Sales, Tex. Civ.App., 375 S.W.2d 550.

J. F. Thomson testified that he was general superintendent in charge of defendant's plant in Pettus, Bee County, Texas, and had been so employed since 1945. He stated that defendant was a private corporation. He testified that in 1952, the matter of a raise in wages for all employees in the plant came up for discussion between him and the employees, and also between him and Mr. Hovey, president of defendant corporation. A meeting of the employees, with Thomson attending, was held at the plant to determine whether the employees would receive a ten cent per hour raise, or an annual Christmas bonus of a month's salary. The employees chose the annual Christmas bonus to be paid at the plant in Bee County. This was reported by Thomson to Hovey who approved and ratified this agreement for the defendant. Without going into the details of the testimony further, we find the evidence sufficient to justify a finding that a contract was entered into in Bee County, Texas, between defendant and its employees, including the four plaintiffs, Schley, Wehe, Aguirre and Gonzales, who were at that time in defendant's employment at its plant in Bee County, Texas, that defendant would annually pay in Bee County to its said employees for work performed in Bee County a Christmas bonus equal to a month's salary. Plaintiffs Hagemann and Dietz were not in defendant's employment at the time of the agreement, but the testimony of each is sufficient to warrant a finding that at the time of the subsequent employment of each they were promised, as a part of the terms of their employment, the same annual Christmas bonus, to wit, a month's salary, as the other employees were to receive.

The bonus was paid in 1952 and in 1953. It was not paid in 1954 but, in lieu thereof, each plaintiff received a letter dated December 21, 1964, signed by D. W. Hovey, the defendant's president, reading in part as follows:

"Due to conditions beyond our control, we will be unable to pay the Christmas bonus at this time * * *.

"I realize that this bonus is a direct obligation of your company and is so shown on our books and want to assure you that it will be paid as early next year as practical to do so."

On December 21, 1955, Hovey again by letter to the employees, including these plaintiffs, recognized the defendant's obligation concerning the Christmas bonus, writing:

"Our directors regret very much our inability to make full payment of the Christmas bonus at this time. However, we are pleased to make a partial payment of one-half the regular yearly bonus at this time as covered by the enclosed check."

A check for one-half monthly salary was received by each plaintiff with a copy of this letter. Plaintiffs have not received any portion of the bonus since December, 1955. Their employment with defendant ceased in 1961 or 1962.

We hold that, considering the testimony in the light most favorable to the judgment, each plaintiff established by evidence a cause of action in his favor which arose in Bee County, and since it is undisputed that defendant is a private corporation, the trial court properly overruled defendant's plea of privilege. F. H. Vahlsing v. Adames, et al., Tex.Civ.App., 341 S.W.2d 506.

■ Plaintiffs Schley and Dietz each testified to having received the letters dated December 21, 1954, and December 21, 1955, signed by D. W. Hovey, defendant's president, a portion of both letters being quoted above. Said plaintiffs had retained their letters which were introduced as plaintiffs' exhibits Nos. 1, 2, 13 and 14. Plaintiffs

**416**

Hagemann, Wehe and Aguirre were each permitted to testify, over defendant's objection and exception that such testimony violated the best evidence rule, that he had received a similar letter but that same had become lost or destroyed and could not be produced. There was no error in permitting this testimony to be given. Slaughter v. Morton, Tex.Civ.App., 195 S.W. 897, writ ref.; St. Louis, Southwestern Ry. Co. v. Turner, Tex.Civ.App., 225 S.W. 383, writ ref.; De Garcia v. Johnson, Tex.Civ. App., 265 S.W.2d 692, writ ref.; Alamo Development Co. v. Priest, Tex.Civ.App., 335 S.W.2d 240.

We have carefully considered all of defendant's assignments and find no reversible error in the record.

Judgment affirmed.