**KUNZ CONSTRUCTION COMPANY, Appellant,**

v.

**Dan ARNOLD, Appellee.**

**No. 557.**

Court of Civil Appeals of Texas, Corpus Christi.

Oct. 22, 1970.

Rehearing Denied Nov. 19, 1970.

overruling the plea of privilege of defendant-appellant to be sued in Bexar County, Texas. Plaintiff-appellee relies on Subdivision 23, Art. 1995, Vernon's Ann.Civ. St., to sustain venue in Gonzales County. By agreement of all parties this case was tried below with our Cause No. 558, styled Kunz Construction Co. v. Debus, d/b/a Sunset Brick & Tile Co., 459 S.W.2d 661, which we have today decided. Separate judgment was rendered in each case.

Appellee sued appellant to recover the balance due under a contract whereby appellee agreed to the hauling of fill dirt for appellant on a housing project in the City of Gonzales, Gonzales County, Texas. Appellee alleged that he hauled 26,822 yards of dirt at the rate of 70 cents per yard and was entitled to total payment of $18,775.00 less credits of $15,636.00 for money paid by appellant and $1184.00 for equipment rental owed by appellee to appellant, leaving a balance claimed owing of $1955.40.

Appellant asserts two points of error in substance that (1) The trial court erred in denying appellant's plea of privilege to be sued in Bexar County, Texas, and (2) that the trial court erred in applying the wrong test to determination of the plea of privilege in that he required only that plaintiff-appellee establish a controversy without establishing all of the venue facts by a preponderance of the evidence.

We have concluded that appellant's points are without merit and that the judgment of the trial court must be affirmed.

Leonard J. Gittinger, Jr., San Antonio, for appellant.

Houston Munson, Gonzales, for appellee.

OPINION

SHARPE, Justice.

This appeal is from an order of the district court of Gonzales County, Texas,

It is undisputed that appellant is a private corporation and that all of the negotiations and hauling of the fill dirt in question occurred in Gonzales County, Texas. The real issue presented to the trial court was whether appellee proved a cause of action for venue purposes against appellant. The controversy centered on the quantity of dirt hauled by appellee for appellant and the method of measurement used to determine such quantity.

On the trial below four witnesses testified and a number of exhibits were introduced into evidence. Dan Arnold, who hauled the fill dirt, and Howard Debus, owner of the premises from which the dirt was removed, testified in support of their claims. E. I. McNutt, appellant's superintendent on the Gonzales project, and Harold Kunz, president of appellant corporation, were witnesses for appellant. The written contract between appellant and Arnold provided that the latter would, in connection with a Public Housing Authority Project in Gonzales, Texas, furnish materials and work necessary for rough fill at a price of 70 cents per yard, tight measure. A specific place of payment was not provided for.

Arnold testified in substance as follows. "Tight measure" means the dirt in its natural state in the ground. On that basis the quantity of dirt removed is determined by measuring the hole or place from which the dirt is removed. "Loose measure" means the condition of the dirt when loaded on a truck without being compacted. At the beginning of work on the project, Arnold agreed with Mr. McNutt, appellant's superintendent, that the quantity of dirt removed by Arnold from the premises of Debus would be determined on the basis of "tight measure" by a licensed surveyor and Arnold would be paid 70 cents per yard for same. During the first week of hauling and thereafter heavy rains occurred and an additional agreement was made between Arnold and McNutt that the trucks would be heaped up and Arnold would be paid on the basis of truck loads. Arnold and McNutt both kept account of the number of loads and agreed on same each day. Arnold was allowed to draw 90% of the amount earned. During the last week of activity by Arnold he hauled 3516 yards of dirt for which he was not paid Appellant's records did not reflect such hauling or payment by appellant therefor. Arnold's records showed that he paid various truckers for the last week of hauling. Arnold testified that his 5 and 10 yard dump trucks if heaped up,

as they were, carried 5 and 10 yards of dirt "tight measure" and that he ran a test to corroborate such fact. The dirt was stockpiled and needed a bulldozer to loosen it up, indicating compactness.

E. I. McNutt testified in substance as follows. He acted as construction superintendent for appellant on the Gonzales project, but since its completion had changed employment. He shot levels on the Debus property from which the dirt in question was taken. He made a survey of the site and prepared a drawing or plat in connection therewith. He made separate measurements before and after removal of the dirt. His final survey was made from a boat because of water in the pits. McNutt said his survey showed 16,018 yards of dirt were removed from the pits and 4,194 yards were scraped, aggregating 20,212 yards, tight measure. McNutt said it would require seven or seven and a half yards of wet dirt on a truck to get five yards tight measure. McNutt did not deny that Arnold may have hauled dirt for about a week in February 1968, the quantity of which may not have not been reflected in the measurements made by McNutt.

Harold Kunz, Jr., testified in substance as follows. He is president of appellant corporation. In his opinion it is not possible for a five yard dump truck to carry five yards tight measure of Gonzales County soil. He took the position that appellant had paid Mr. Arnold for all dirt hauled on the Gonzales project and also that Mr. Debus had been paid for all dirt removed from his property. In his opinion there would be an expansion factor of 40 to 50 per cent applicable to dirt removed from the ground and hauled on trucks. Arnold was required not only to haul the dirt but to spread, roll and compact it at the construction site.

Howard Debus testified in substance that he had not been paid for 12,500 yards of dirt caused to be removed from his premises by appellant. He accepted Mr. Mc-

Nutt's figures on the large hole from which dirt was removed and measured a second hole by using a tape and sighting. He said he had a license, apparently as a surveyor.

 The trial court accepted appellee's version concerning the quantity of fill dirt delivered. The evidence is legally and factually sufficient to support implied findings of the trial court that appellee had hauled a quantity of dirt for which he had not been paid by appellant. In this situation appellee's case comes within the provisions of Subdivision 23, Art. 1995, V.A.C.S., that suit may be brought against a private corporation in the county in which the cause of action or part thereof arose. See Dina Pak Corporation v. May Aluminum, Inc., 417 S.W.2d 419 (Tex.Civ.App., Corpus Christi, 1967, n. w. h.); Danaho Refining Co. v. Dietz, 378 S.W.2d 412 (Tex. Civ.App., Corpus Christi, 1964, n. w. h.). In view of the above holding we need not consider other provisions of Subdivision 23.

Under point two appellant argues that some of the statements made by the trial judge at the close of appellee's direct case show that he applied the wrong standard or test in determining the plea of privilege, and in particular that the plaintiff-appellee was required to establish only a fact issue rather than having to establish his cause of action by a preponderance of the evidence. The record shows that the trial judge stated in substance that there were fact issues and that plaintiff-appellee had established a prima facie case for venue purposes, but that he was not then trying the case on the merits. Some of the statements of the trial judge when considered alone tend to support appellant's position that emphasis was placed upon the existence of fact issues. However, when the entire record is considered, we believe that the trial court applied the correct test and that plaintiff-appellee was required to prove the essential elements of his

cause of action for venue purposes by a preponderance of the evidence, and it appears from the entire record that plaintiff-appellee discharged his burden of proof on that basis.

The judgment of the trial court is affirmed.