**KUNZ CONSTRUCTION COMPANY, Appellant,**

v.

**Howard DEBUS, d/b/a Sunset Brick & Tile Company, Appellee.**

**No. 558.**

Court of Civil Appeals of Texas, Corpus Christi.

Oct. 22, 1970.

Rehearing Denied Nov. 19, 1970.

**662**

Leonard J. Gittinger, Jr., San Antonio, for appellant.

Houston Munson, Gonzales, for appellee.

## OPINION

SHARPE, Justice.

This is a companion case to Kunz Construction Company v. Arnold, 459 S.W.2d 658 (No. 557 in this Court) which we have today decided. In the instant case appellee Howard Debus, d/b/a Sunset Brick & Tile Company was plaintiff in the trial court and appellant Kunz Construction Company was defendant. The cases were tried together by agreement of all parties in the district court of Gonzales County, but separate judgments were rendered. Appellant's plea of privilege was overruled, resulting in this appeal. In the court below appellee relied on Subdivisions 5 and 23, Art. 1995, Vernon's Ann.Civ.St., to sustain venue in Gonzales County. On this appeal, only Subdivision 23 is relied on by appellee.

Appellee here sued to recover the balance due under a contract whereby appellant agreed to pay appellee for the purchase of fill dirt removed from appellee's property on the basis of fifteen cents per yard. Appellee alleged that appellant had not paid for 12,500 yards of fill dirt which had been removed by Dan Arnold (plaintiff-appellee in our Cause No. 557) a trucker, and that appellee was entitled to recover $1875.00.

Appellant asserts the same contentions here as were made in *Arnold*; that the trial court erred in overruling the plea of privilege and that the wrong test or standard was used in determining the plea of privilege. These points are also without merit in the instant case.

Much of the discussion in *Arnold* is applicable here, although different contracts are involved. Arnold's contract with Kunz Construction Company was for the hauling of fill dirt while Debus' agreement with Kunz was for the sale of such dirt. Since it was conclusively established that appellant is a private corporation and that the negotiations and sale all took place in Gonzales County, Texas, the only real question, under Subdivision 23, Art. 1995, V. A.C.S., is whether appellee proved a cause of action for venue purposes. The controversy centers on the quantity of fill dirt removed from appellee's premises and the method of measurement used to determine such quantity.

The material evidence is summarized in *Arnold*. Debus, appellee in the instant case, is entitled to the benefit of the evidence which primarily concerned the claim of Arnold as well as that related to his own case. The trial court accepted appellee's version concerning the quantity of fill dirt which appellant caused to be removed from appellee's premises and the evidence is legally and factually sufficient to support implied findings that appellee had supplied a quantity of dirt for which appellant had not paid him. Appellee's case thus falls within the provisions of Subdivision 23, Art. 1995, V.A.C.S., that suit may be brought against a private corporation in the county in which the cause of action or part of it arose. See Dina Pak Corporation v. May Aluminum, Inc., 417 S.W.2d 419 (Tex.Civ.App., Corpus Christi, 1967, n. w. h.); Danaho Refining Co. v. Dietz, 378 S.W.2d 412 (Tex.Civ.App.,

Corpus Christi, 1964, n. w. h.). Other provisions of Subdivision 23 need not be considered in view of our holding.

Appellant's point two is without merit for the reasons stated in *Arnold*, supra.

The judgment of the trial court is affirmed.