## LLOYDS AMERICA et al. v. FRIEND.
### No. 4542.

Court of Civil Appeals of Texas. Amarillo.
Feb. 17, 1936.

Dilworth & Marshall, of San Antonio, for appellants.

Collins, Jackson & Snodgrass, of San Angelo, for appellee.

MARTIN, Justice.

This is a suit, based upon fraud, and brought in Tom Green county for the cancellation of a subscription contract and all evidences of indebtedness delivered thereunder, including a promissory note for $900. The suit is against Lloyds America, Leonard Hyatt, agent and attorney in fact,

and Elliott Jones, "who is or claims to be an Attorney in Fact for all Underwriters of and at Lloyds America, and of any other Attorney in Fact, or the defendants or any of them, names of such other Attorneys of Fact, if any, being to the plaintiff unknown."

Pleas of privilege were timely filed by appellants. A controverting affidavit was filed by appellee, claiming venue under article 1995, subd. 7, by reason of the presence of fraud. It alleged in substance the execution and delivery of a subscription contract containing a provision for the purchase of $1,800 worth of stock in Lloyds America, $900 of which was payable by delivery of that amount of stock in Hotel Ozona, balance by note for $900, and continued: "That such Agent and Representative told him that he had conferred with the leading executive officers controlling Lloyds America and all business with which it was connected or related and had been authorized to make an agreement with him expressly restricting and limiting his, the plaintiff's liability on such purchase and subscription agreement to the extent of the value of the nine shares of the capital stock of the Hotel Ozona, Ozona, Texas; that all the papers evidencing such agreement were prepared by the Agent and Representative of the defendants and submitted to him for his signature and execution; that at the time it was so submitted such Agent and Representative stated to him that they contained the agreement as hereinabove outlined, and expressly protected him from any further liability than the value of his stock in the said Hotel Ozona." He made the other and usual allegations in causes of action based upon fraud, and alleged the fraud occurred in Tom Green county, and that appellants had repudiated entirely their agreement.

The trial court overruled said pleas of privilege.

Appellants' first proposition is: "The trial court erred in overruling the pleas of privilege of the defendants herein because the petition of the plaintiff did not allege any actionable fraud perpetrated by the defendants or their agents in Tom Green County, since the alleged fraud consisted of representations that plaintiff's subscription for $1800.00 worth of stock in a corporation could be accomplished in a manner to limit his liability for and the cost of such stock to an amount less than $1800.00, which representation could not constitute fraud because it related to a matter of law and was contrary to the provisions of the statutes of Texas, of which provisions of law the plaintiff was charged with and presumed to have knowledge of, and, therefore, such representations constituted at most only opinions on a matter of law."

Neither appellants nor appellee pleaded or proved that Lloyds America was a corporation. Instead, it was pleaded under oath by one of the appellants, "That Lloyds America is not in fact a legal entity, but is simply a designation of a business transaction by various Underwriters organized under the provisions of the Revised Civil Statutes of Texas permitting the writing of insurance under what is known as the Lloyd Plan."

Article 12, § 6 of the Constitution does not mention the issuance of stock in a "transaction" (whatever that is). Even if we concede that concern to be a corporation, the sale of privately owned stock therein is not covered by the constitutional requirements embodied in article 1353, R.S.1925. Scheffel v. Smith (Tex.Civ. App.) 169 S.W. 1131. There is not the slightest evidence here of its character, other than a weakly supported inference that some individuals had it to trade on. Again, if we assume the correctness of the ex parte statement quoted, what application could that have to the facts here?

Their second proposition is: "The trial court erred in overruling the pleas of privilege of the defendants, because the entire evidence of the plaintiff failed to show any actionable fraud perpetrated by the defendants in Tom Green County, Texas, in that all of the evidence offered in behalf of the plaintiff merely showed that it was represented to plaintiff that he would never be called on to pay the note for $900.00 executed by him, which representations, if made, were contrary to the express written provisions of the note itself, and, therefore, did not constitute actionable fraud."

As we understand the record, the note, subscription contract, and a power of attorney were executed contemporaneously as parts of one transaction. The note provides on its face: "This note is not negotiable, and is made and delivered in accordance with the Underwriters Agreement heretofore signed by me as a condition of my becoming one of the Underwriters at Lloyds America."

The evidence is that appellants told appellee in substance that the earnings would take care of the note and he would not be called on to pay it, and was not liable beyond the value of the Hotel Ozona stock, all of which they assured him had been embodied in the subscription contract, because of which he did not read such contract. The contract did not in fact embody such stipulations, but instead bound him unconditionally. This is not a suit on a note, but one to cancel what the law considers one instrument. If the note had embodied the above condition of liability on its face, could any judicial mind doubt its binding effect? Instead we have here the equivalent of such, because these instruments are construed as one, with practically conclusive proof that such condition was fraudulently omitted from the written instruments. We quote: " * * * Instruments executed at the same time or contemporaneously, for the same purpose, and in the course of the same transaction, are to be considered as one instrument, and are to be read and construed together; and in such case parol evidence is admissible to connect the instruments and to explain any conflict between them. Also where one instrument is made a part of another by reference, the two are to be read and construed together." 10 Tex.Jur. pp. 286, 287. San Antonio Real Estate Bldg. & Loan Ass'n v. Stewart, 94 Tex. 441, 61 S.W. 386, 86 Am.St.Rep. 864; Central State Bank v. Godfrey (Tex.Com.App.) 29 S.W.(2d) 1015; E. H. Perry & Co. v. Langbehn, 113 Tex. 72, 252 S.W. 472.

"Thus, where the parties have negotiated concerning a business transaction and reached an oral agreement, and one of them undertakes to reduce it to writing, and brings to the other for his signature a paper which he falsely represents as embodying the agreement, whereas it is of a different character or contains different provisions, and the other, relying on such representations, signs the contract without reading, it is a fraud justifying the rescission of the contract. * * *

"It is revolting to the conscience to permit a trickster to retain the fruits of his iniquity simply because his victim was too guileless to suspect him, or too unsophisticated to catch him in the fraud. Accordingly, many of the later cases have boldly taken the position that the doctrine that a party is conclusively presumed to know the contents of an instrument signed by him shall not and does not obtain as against fraud practised upon him, and that, contrary to the older rule, the principle should be that one who perpetrates a fraud is estopped to claim that the party defrauded ought not to have believed or trusted him, or could have detected the fraud by proper vigilance." 1 Black on Rescission of Contracts, (2d Ed.) pp. 158, 159, 163. See, also, 7 Tex.Jur. 923.

The appellee signed the subscription contract without reading it, after being told by appellants that it contained the proviso above. We cannot say he was negligent in so doing as a matter of law.

The two propositions above constitute also appellants' assignments of error, and are all the points raised on this appeal. No fundamental error is perceived. As against the points made here, appellee is entitled to an affirmance of the trial court judgment, and it is accordingly so ordered.

Affirmed.