### SOUTHLAND LIFE INS. CO. v. JOHNSTON.

### No. 4644.

Court of Civil Appeals of Texas. Amarillo.
Oct. 5, 1936.

Rehearing Denied Nov. 2, 1936.

Seay, Malone & Lipscomb, of Dallas, for appellant.

Underwood, Johnson, Dooley & Huff and W. M. Sutton, all of Amarillo, for appellee.

MARTIN, Justice.

Judgment was entered for appellee upon a life insurance policy in the sum of $1,500. The construction of such policy is the legal issue here.

On February 22, 1929, appellant issued its policy of insurance to the husband of appellee for $1,500, payable at his death, or, if living, at the end of the endowment period.

Attached to this policy, upon a separate sheet of paper and separately dated and signed, was a supplemental contract of insurance. Its material provisions read: "If during the premium paying period * * * and prior to the anniversary date of said policy nearest the insured's attained age of 60 years and before default in the payment of any premium, * * * and if none of the non-forfeiture privileges is in effect, the death of the Insured results directly and independently of all other causes from bodily injuries effected solely through violent, external and accidental means * * * the Company will pay the beneficiary (in addition to the amount payable under the life insurance contract) the sum of $1,500.00."

The life insurance contract carries the following stipulation:

"Non-Forfeiture Provisions—Automatic Premium Loan. Any premium or instalment of premium not paid within the time allowed for its payment will, unless the Company has been otherwise instructed in writing by the insured, be forthwith advanced as a loan against this policy, provided the cash value hereof shall be sufficient to secure such loan and all other existing indebtedness and interest at the rate of 6 per cent. per annum in advance on the total debt to the next premium due date. This policy will be so continued in force so long as the cash value hereof is sufficient to secure the advance of one quarter's premium on a quarterly premium basis and all existing indebtedness and interest on the total debt to the end of that quarter."

Immediately following there is the usual "loan and cash surrender value" paragraph and table of such values, and other data not necessary to notice. Premiums were payable quarterly at the option of the in-

sured, which option he exercised. These were shown to be $9.66 per quarter upon the life insurance contract alone and 60 cents per quarter on the accident insurance contract, or a total for both of $10.26. It was agreed in writing and in substance that the above "loan and surrender" values were made up entirely and only of premiums paid on the life insurance contract, and that no part of the premiums paid on the accident insurance contract was used in computing such values.

The insured paid his premiums for something over three years. He died July 16, 1935. It is agreed that said policy had a cash surrender value at his death sufficient to carry the life insurance beyond July 16, 1935, if $9.66 per quarter was all that was due on same. Appellant, however, claimed then, as it does here, that it was authorized and required to apply the amount of said "cash value" to the payment of the premiums due on both contracts. Thus applied, it is agreed the policy had lapsed before the death of insured for nonpayment of premiums. Briefly expressed, such cash and surrender value was sufficient to pay all delinquent payments calculated at $9.66 per quarter, but insufficient calculated at $10.26 per quarter.

While the two contracts are to be construed together, and as one, it by no means follows that they constitute an indivisible contract. They are in fact two distinct contemporaneous contracts. The contingency of liability, the term each runs, the premium rate, and some of the conditions, differ widely. By unequivocal language the insurer has stipulated in effect that it is not liable upon the accident policy during the time "the non-forfeiture privileges is in effect." This is one of the express conditions of its liability. Such non-forfeiture privilege was in effect. The accident insurance thus ceased upon nonpayment of premiums, but the life insurance contract continued. Its premiums during delinquency were to be paid from a fund theretofore accumulated—not from anything derived from the existence of the supplementary contract of accident insurance, but solely from that built up by its own premiums. This is a reasonable construction. Why should the insurer be permitted to take the life insurance premiums and pay them on an accident policy that had lapsed? We construe the two policies together as plainly providing for the lapse of the accident policy upon failure to pay premium due. True, the quoted nonforfeiture clause uses the language "any premium * * * not paid." This clause occurs in what appears to be a printed form of policy, to which the second or supplemental contract was attached as a rider, and which latter contains the specific language already quoted and which, we think, would prevail over general statements occurring in the other policy. Together they show plainly to our minds the intent and purpose to carry life, but not accident insurance upon the contingency named for a period of time sufficient. to exhaust the funds accumulated from the life insurance premiums. The insurer had therefore no right to make an ex parte and unauthorized payment upon a contract that had no existence.

No case exactly in point is cited or has been found. General principles which have guided us are elementary, but to be judicially orthodox, wo quote some of these:

"The law is well settled that in all insurance contracts, same will be most strongly construed against the insurance company, and where there is any ambiguity and the insurance contract is capable of two constructions, one allowing and the other denying a recovery, that construction will be given which will allow a recovery. It is a further cardinal rule, in construing insurance contracts, that one must look to the entire contract and be governed by all of its provisions, and if by looking at all of the provisions thereof, a reasonable and just construction can be placed thereon without any ambiguity or uncertainty, same will prevail." Home Ben. Ass'n v. Brown (Tex.Civ.App.) 16 S.W.(2d) 834, 835.

"After the expiration of the term covered by the policy or contract of insurance, insured ceases to be liable for any premiums not theretofore earned." 32 C.J. p. 1210, § 347.

"Where a policy or contract of insurance has attached to the risk insured against, a cessation of the risk to the extent of working a failure of consideration relieves insured of liability for premiums not earned before the risk ceased to exist * * *". 32 C.J. p. 1211, § 349.

"The very life of the contract involves the presumption of a risk, and the assurer is paid the premium or price of insurance to take upon himself the peril or event insured against. It therefore necessarily fol-

520

lows that if the risk has not attached, or if no part of the interest insured is exposed to any of the perils insured against, the insurer has no claim to the premium; if paid, it must be returned in the absence of fraud by insured." 3 Joyce on the Law of Insurance, p. 2559, § 1390.

"If the insurance is divisible into separate and distinct risks, the premium may be apportioned with reference to the several risks, and there shall be a proportionate return of the premium covering such risk or risks as have not attached. This rule also applies to cases where from the contract it is evident that it was in the contemplation of the parties that there should be several risks or distinct parts to the contract, and that the premium may be divided in distinct parts with reference thereto. That the contract is divisible may be deduced by construction from the manifest intention of the parties evidenced in the contract, the nature of the contract itself, and the obvious consequences of its terms; as in case of a contingency specified in the policy, upon the not happening of which the insurance ceases." 3 Joyce on Insurance, p. 2619, § 1421.

Judgment affirmed.