## SHARP v. MEAD et al.
### No. 2101.

Court of Civil Appeals of Texas. Waco.
April 20, 1939.

Jno. Abney, of Hillsboro, and Aldredge, Shults & Madden, of Dallas, for appellant.

Martin & Allred, of Hillsboro, for appellees.

GALLAGHER, Chief Justice.

This is an appeal from an order overruling a plea of privilege. Appellees, T. W. Mead and L. W. Forrest, composing the firm of Mead & Forrest, sued appellant, Y. J. Sharp, in the district court of Hill county for actual and exemplary damages for the perpetration of an alleged fraud upon them by him in said county. Appellees alleged, in substance, that appellant bought from them twenty cases of eggs at the agreed price of $6.25 per case: that said transaction was closed by the delivery by them of said eggs in return for a check drawn by appellant on a bank in Dallas and payable to them; that they accepted said check in good faith in lieu of cash; that appellant had at the time no intention of permitting said check to be paid but issued and delivered it to appellees for the purpose of procuring title to and possession of said eggs without paying therefor; that appellant stopped the payment of said check and thereby accomplished his purpose to so procure said eggs.

Appellees introduced testimony that they were engaged in the poultry and egg business in Itasca; that they purchased eggs from farmers and also from other merchants and sold them to dealers in Fort Worth and Dallas; that appellant, accompanied by a helper, called at their place of business and purchased eggs from them three or four times prior to the transaction involved herein, and that on each occasion he paid therefor in cash; that such sales amounted in the aggregate to more than twenty cases; that on one occasion appellant claimed that the previous delivery contained six dozen bad eggs and allowance was then and there made therefor by appellees. No other complaint prior to the return of the check unpaid was shown. Appellees' testimony further showed that appellant, on the Friday preceding the transaction, called appellees by telephone and agreed to purchase twenty cases of eggs, and said that his truck would pick them up early Sunday morning; that at that time the same helper came, picked up the eggs and delivered the check described in the pleadings in payment therefor. The check was deposited by appellees in their bank for collection and shortly afterward returned to them, endorsed "Payment stopped." Appellant waited for appellees to approach him about his reasons for stopping payment. When so approached he stated to one of appellees that he did not intend to pay the check when he gave it; that he intended, by giving the same and stopping payment thereof, to get even with appellees for some bad eggs received in prior shipments. Appellees introduced a witness who testified that appellant gave him a ride out of Dallas toward Itasca; that when appellant was informed that he lived in Itasca, appellant asked him if he knew appellees, and when he said he did, appellant told him he had given appellees a check, that he did it to get even with

them, and had done so, and asked him to "bull" them about it when he saw them. Appellant's complaint to appellees when they inquired his reason for stopping payment on the check was, in substance, that there were several cases of bad eggs in the shipment preceding the last one and fourteen cases of bad eggs in that one. Appellees testified that the last shipment was selected at random out of their stock on hand at the time and that all the remainder of the stock was sold to other dealers without any complaint whatever from such purchasers. They also introduced testimony that the eggs in the last shipment were tested by the candling process and found to be in good condition. All conflicts in the evidence must of course be resolved in favor of appellees' contentions.

Subdivision 7 of Article 1995 of our Revised Statutes, Vernon's Ann.Civ.St. art. 1995, subd. 7, provides that in all cases of fraud suit may be brought in the county where the fraud was committed. No distinction is made between actual positive fraud and constructive fraud; any act which, in contemplation of law, constitutes a fraud, will give jurisdiction in the county where it was committed. It follows that any suit based on fraud may be brought in the county where the fraud was perpetrated. 20 Tex.Jur., pp. 126 and 127, and authorities cited in notes 8 and 9. According to the theory of appellees, which theory is confirmed by the implied findings of the court, appellant's purpose was to procure the eggs from appellees without paying therefor. The giving of the check as purported payment was well calculated to conceal such purpose. The previously formed intent to stop payment on such check, which, according to the testimony, existed at the time, made its formal delivery an empty pretense. The facts that the plan was conceived, the check issued and the subsequent order stopping payment of the same given in Dallas county, do not affect the situation. Such acts were merely incidental to the main purpose. The suit is one for damages for fraud which appellees claim was perpetrated upon them by inducing them to deliver their eggs to appellant's representative in Hill county under the belief that the check was issued and delivered to them in good faith. The order of the court, read in the light of the testimony, must be construed as an affirmative finding that fraud was committed in Hill county and we have found nothing to justify a reversal of such finding. See further in this connection: Chicago, T. & M. C. Ry. Co. v. Titterington, 84 Tex. 218, par. 2, 19 S.W. 472, 31 Am.St.Rep. 39; Hayter v. Hudgens, Tex.Civ.App., 236 S.W. 232, pars. 2 and 3; Haddaway v. Burford, Tex. Civ.App., 239 S.W. 625, par. 1.

We have carefully considered each of the authorities submitted by appellant and have reached the conclusion that none of them are in conflict with our holding in this case. A review of the same and specific mention of the distinguishing features would unduly extend this opinion and we therefore forbear.

The judgment of the trial court overruling appellant's plea of privilege is affirmed.