## ED FRIEDRICH SALES CORPORATION v. DEITRICK.

### No. 10899.

Court of Civil Appeals of Texas. Galveston.

Dec. 7, 1939.

Dodson, Ezell & Duke, of San Antonio, for appellant.

Gammage, Gammage & Bauer, of Houston, for appellee.

MONTEITH, Chief Justice.

This is an appeal from an order overruling a plea of privilege in an action brought in the district court of Wharton County by appellee, C. Deitrick, doing business as The Corners Company, against appellant, Ed Friedrich Sales Corporation, for rescission of a contract to purchase certain refrigerating equipment, and for damages.

Appellee alleged that he was induced to purchase said equipment through false and fraudulent representations made to him by an agent of appellant; that he signed a contract providing for the purchase thereof without reading it, upon the representation of said agent that the written contract contained the agreement previously entered into between them, that it was meaningless and was a mere matter of form, and that he was in a hurry to leave. He alleged that said written contract did not contain the agreement previously entered into between them; that the equipment did not properly function, and that he was damaged thereby.

Appellant duly filed its plea of privilege to have said suit tried in Bexar County, the county of its residence.

In due time appellee filed his controverting affidavit, in which he restated the allegations of his petition. He pled that the alleged false and fraudulent representations were made by appellant's agent in Wharton County; that he was induced to make a contract and agreement to be performed in Wharton County; that defendant was incorporated under the laws of the State of Texas, and that the venue of his suit lay in said county.

Upon a hearing on the allegations of the plea of privilege and the controverting affidavit, appellant's plea of privilege was overruled. No findings of fact were requested, and none were filed.

Appellee testified that appellant's agent represented to him that the equipment offered by appellant was of a superior grade and would give better service than the equipment of a competitor; that it would keep meat for a reasonable length of time;

that it was adapted to his business, and that he would have no trouble with it; that after he had discussed the purchase of said equipment with appellant's agent, both he and said agent were in a hurry and he told said agent to write up the contract and that he would sign it, provided what the agent said about the box doing the work and causing no trouble was in the contract; that said agent told him that the contract was just like the conversation as far as the box operating was concerned; that he relied upon said statement because he did not know anything about that type of equipment, and that, for that reason, he signed said contract without reading it; that said equipment did not operate properly and that he suffered damages thereby.

The written contract in question stated that the buyer had read it, and that it stated the entire contract and covered all promises and representations made to buyer by seller's agent and that he did not expect anything not contained therein. It stated that when accepted by seller at San Antonio, Texas, it would constitute the entire contract and that no change of its terms would bind seller, unless mutually agreed upon in writing, signed by both parties.

To fix venue of this action in Wharton County, appellee relies upon Subdivisions Nos. 7 and 23 of Article 1995, Revised Statutes of 1925.

Subdivision No. 7 of said Article, as amended in 1927, Vernon's Ann.Civ.St. art. 1995, subd. 7, reads: "7. Fraud and Defalcation. In all cases of fraud, and in all cases of defalcation by public officers, suit may be brought in the county where the fraud was committed or where the defalcation occurred, or any of such suits may be brought where the defendant has his domicile."

The material parts of Subdivision No. 23 of said Article 1995 read: "23. Corporations and associations.—Suits against a private corporation, association or joint stock company may be brought in any county in which the cause of action, or a part thereof, arose, or in which such corporation, association or company has an agency or representative, or in which its principal office is situated. * * *"

Appellant contends that at most its agent merely expressed an opinion as to the quality of the equipment sold to appellee and that the testimony offered to show fraud committed in Wharton County falls short of the proof required by law.

Under the well established rule, that, on appeal from an order overruling a plea of privilege, every reasonable intendment must be resolved in favor of appellee's contentions (Sharp v. Mead et al., Tex.Civ.App., 127 S.W.2d 510; Fuston v. Fort Worth & D. S. P. Ry. Co., Tex.Civ. App., 68 S.W.2d 518; Douglas v. Williams, Tex.Civ.App., 83 S.W.2d 686; Pearson v. Guardian Trust Co., Tex.Civ.App., 84 S.W. 2d 256), the order of the trial court, read in the light of the testimony, must be construed as an affirmative finding that the statements of appellant's agent were representations of fact particularly within said agent's knowledge; that appellee relied upon them in making said purchase, and that he suffered damage thereby; that such representations constituted fraud, and that such fraud was committed in Wharton County. Lloyds America et al. v. Friend, Tex.Civ.App., 91 S.W.2d 766; Katzmeir v. King, Tex.Civ.App., 131 S.W.2d 162, 163; 20 Tex.Jur., pp. 126 and 127; Gardner v. Dorsey, Tex.Civ.App., 272 S.W. 266; Sharp v. Mead, Tex.Civ.App., 127 S.W.2d 510.

Further, it is held, under Subdivision 23 of said Article 1995, which expressly authorizes the bringing of a suit against a private corporation in any county in which the cause of action, or a part thereof, arose, that a cause of action for the breach of an obligation is composed of two elements: The contract, which is the primary right of the plaintiff, and the breach thereof, which is the act or omission on the part of the defendant without which there could be no cause of action or right of recovery, and that in order to maintain a suit in any county other than that in which the corporation's principal place of business is located, it is only necessary that some part of either the primary right or the breach thereof must have occurred in the county where the suit was filed and that the requirement that "a part thereof" shall have arisen in the county where the suit was brought is met by proof that the contract was made in that county. Scott v. Lewis, Tex.Civ.App., 64 S.W.2d 365; United States Pipe & Foundry Co. v. City of Waco, Tex.Civ.App., 100 S.W.2d 1099; Mercantile Bank & Trust v. Schuhart, 115 Tex. 114, 277 S.W. 621.

In the instant case it is uncontroverted that appellant is a corporation; that all representations which led up to the purchase of said equipment were made in Wharton County; that the delivery thereof took place in Wharton County; and that the failure of said equipment to properly function, if any, took place in Wharton County. It follows, therefore, that appellee had a right to maintain the suit in that county.

The judgment of the trial court in overruling appellant's plea of privilege is affirmed.

Affirmed.