PANTHER OIL & GREASE MFG. CO. v. SCHUMAKER.

No. 11435.

Court of Civil Appeals of Texas. Galveston.

Oct. 8, 1942.

Samuels, Foster, Brown & McGee and William M. Brown, all of Fort Worth, for appellant.

Cullen B. Vance, of Edna, for appellee.

MONTEITH, Chief Justice.

This is an appeal from an order overruling a plea of privilege in an action brought by appellee, A. G. Schumaker, in the County Court of Jackson County seeking damages from appellant, Panther Oil & Grease Mfg. Co., for injuries alleged to have been caused to certain farm machinery and equipment of appellee by the use of certain of appellant Company's greases and lubricating products.

The appellant filed its plea of privilege to have said suit tried in Tarrant County, the county of its residence.

In due time appellee filed his controverting affidavit, in which he embodied his original petition and claimed venue in Jackson County under Subdivisions 9 and 23 of Article 1995, Revised Civil Statutes of 1925.

Appellee alleged that appellant misrepresented the quality of certain oils and greases and sold and delivered them to him at his farm in Jackson County, Texas, with full knowledge of the fact that they were of inferior quality. In the alternative he alleged that if he was mistaken in his allegations that appellant's acts were deliberately done, that then appellant was negligent (1) in making said representations, (2) in placing in such oils and greases materials of inferior grade, (3) in placing in such oils and greases foreign substances, and (4) in selling said oils and greases of an inferior quality to him. Appellee alleged that each and all of said acts of negligence, and the use of said oils and greases were the proximate causes of appellee's injuries and the resulting damage therefrom.

Upon a hearing on the allegations of appellant's plea of privilege and appellee's controverting affidavit, the plea of privilege was overruled.

No findings of fact or conclusions of law were requested by the parties or found by the trial court.

Appellee testified that one J. H. Parker, an agent and salesman of appellant, came to appellee's home in Jackson County and induced him to purchase certain oils and greases from appellant. He testified that he relied on the truthfulness of Parker's statements in purchasing the products and would not have purchased them if he had not believed them to be true. The oils and greases in question were sold to appellee in Jackson County. The purchase order for said products was signed by appellee in Jackson County and they were shipped by appellant from Fort Worth and delivered to appellee in Jackson County, and the injuries, if any, to appellee's machinery and equipment occurred in Jackson County.

It was stipulated by the parties that appellant was a private corporation at all times material to this appeal.

Appellant contends that the evidence failed to show that a trespass was committed by appellant in Jackson County and that a cause of action, or any part thereof, against appellant arose in said county.

Subdivision No. 9 of Article 1995, Revised Civil Statutes of 1925, reads: "Crime or trespass.—A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense or trespass was committed, or in the county where the defendant has his domicile."

The material parts of Subdivision No. 23 of said Article No. 1995 read: "Corporations and associations.—Suits against a private corporation, association or joint stock company may be brought in any county in which the cause of action, or a part thereof, arose, or in which such corporation, association or company has an agency or representative, or in which its principal office is situated. * * *"

The term trespass, as that term is used in Subdivision 9 under said Article 1995, is held to embrace actions for such injuries as result from affirmative acts or from wrongful acts wilfully or negligently committed. Meredith v. McClenden, 130 Tex. 527, 111 S.W.2d 1062, and cases there cited.

In the instant case appellant is charged with certain affirmative acts of negligence, that is, the selling and delivering of said oils and greases to appellee. Appellee sues for damages alleged to have resulted therefrom, all of which acts occurred in Jackson County.

Under the well established rule that, on appeal from an order overruling a plea of privilege, every reasonable intendment must be resolved in favor of appellee's contentions, the order of the trial court overruling appellant's plea, read in the light of the testimony, must be construed as an affirmative finding by the trial court that the oils and greases in question were sold by appellant's agent to appellee in Jackson County; that said order was forwarded to appellant at Fort Worth, and that the oils and greases in question were shipped out of Fort Worth to appellee in Jackson County, and that they were used there by appellee, and that he suffered damages from the use thereof, as a proximate result of the alleged negligence of appellant. Ed Friedrich Sales Corporation v. Deitrick, Tex.Civ,App., 134 S.W.2d 760; Douglas v. Williams, Tex.Civ.App., 83 S.W.2d 686; Hardigree v. Sweetwater Cotton Oil Co., Tex.Civ.App., 84 S.W.2d 756; Sharp v. Mead, Tex.Civ.App.; 127 S.W.2d 510.

It is held under Subdivision 23 under said Article 1995, which expressly authorizes the bringing of a suit against a private corporation in any county in which the cause of action, or a part thereof, arose, that a cause of action for the breach of an obligation is composed of two elements, the contract, which is the primary right of the plaintiff, and the breach thereof, which is the act or omission on the part of the defendant, without which there could be no cause of action or right of recovery, and that in order to maintain a suit in any county other than that in which the corporation's principal place of business is located, it is only necessary that some part of either the primary right or the breach thereof must have occurred in the county where the suit was filed, and that the requirement that "a part thereof" shall have arisen in the county where the suit was brought is met by proof that the contract was made in that County. Ed Friedrich Sales Corporation v. Deitrick, Tex.Civ.App., 134 S.W.2d 760.

In the instant case it was stipulated that appellant is a private corporation. It is uncontroverted that said representations were made and that the contract for the purchase of said oils and greases was signed, and that the delivery thereof took place, in Jackson County, and that the injuries to appellee's equipment and the damages resulting therefrom which are presumed to have been found by the court in appellee's favor, took place in Jackson County. It follows that appellee had a right to maintain the suit in that county.

The judgment of the trial court overruling appellant's plea of privilege is affirmed.

Affirmed.