## SUPER–COLD SOUTHWEST CO. v. GREEN & ROMANS.

### No. 14664.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 2, 1945.

750

Haddaway & Denny, of Fort Worth, and Malone, Lipscomb, White & Seay, of Dallas, for appellant.

H. S. Lattimore, of Fort Worth, for appellee.

SPEER, Justice.

This is a venue case, presented on appeal from a hearing on a plea of privilege and controverting affidavit.

Olen C. Green and A. I. Romans, operating as Green & Romans, a partnership, sued Super-Cold Southwest Company, a Dallas County corporation, in a district court of Tarrant County, Texas, to recover damages for alleged fraud and the breach of a contract to be performed in Tarrant County.

Defendant filed its plea of privilege seeking a transfer of the case to Dallas County, the place of its domicile. Plaintiffs controverted the plea and the issue of venue thus made was tried to a jury on special issues. Upon the verdict, court overruled the plea of privilege and defendant has appealed.

At the outset, we are confronted with plaintiffs' motion to dismiss this appeal, because: The District Court in Tarrant County, where the hearing was had, is regulated by Rule 330, Texas Rules of Civil Procedure; the case was tried to a jury and the judgment was entered on the verdict; Rule 324, Texas Rules of Civil Procedure, provides that a motion for new trial shall be filed in all jury cases, and no such motion was filed in the trial court.

The motion to dismiss is overruled for the following reasons: (1) This appeal was perfected and the record filed in this court within 20 days from the day on which judgment was rendered as provided by Rule 385, Texas Rules of Civil Procedure. The same Rule provides that in all appeals from interlocutory orders there shall be no motion for new trial filed. There is a distinction between appeals from interlocutory orders, such as the one under consideration, and appeals

from judgments entered when tried upon the merits. Where a motion for new trial was in fact filed and overruled in a venue case, such procedure did not extend the time of appeal and filing record as in cases tried on the merits requiring a motion for new trial. Dulaney v. Neely, Tex.Civ. App., 173 S.W.2d 730. (2) An order of the court overruling or sustaining a plea of privilege prior to trial on the merits is an interlocutory order within the meaning of Rule 385, Texas Rules of Civil Procedure. Walker v. Cleere, 141 Tex. 550, 174 S.W.2d 956. And (3) Under the provisions of the cited rule, no motion for new trial may lawfully be filed after an order is entered on the venue issue. Wichita Falls & S. R. Co. v. McDonald C. J., 141 Tex. 555, 174 S.W.2d 951.

 It is now the settled rule of law in this state that on a venue hearing where only the exceptions to Article 1995, R.C.S., Vernon's Ann.Civ.St. art. 1995, presented in this case are involved, issues going to the merits of the case may not be determined, but that only the venue issues are before the court. Venue issues are raised by the plea of privilege and the controverting affidavit, and these instruments constitute the pleadings at such hearing. In this case, the controverting affidavit substantially asserts venue because (1) a fraud was perpetrated by defendant on plaintiffs in Tarrant County, Texas; this is exception No. 7; and (2) the defendant is a corporation and plaintiffs' cause of action arose, or at least a part thereof arose, in Tarrant County; this is embraced in exception 23 to Article 1995, Vernon's Ann.Civ.St. art. 1995, subd. 23. The controverting affidavit by appropriate language made plaintiffs' petition a part of the affidavit and must be looked to as a part thereof.

The petition discloses that the nature of plaintiffs' cause of action is for damages sustained by plaintiffs on account of fraudulent promises and representations made to plaintiffs by defendant acting by and through one F. C. Fallon, its manager and duly authorized agent. Also that defendant obligated itself to install for plaintiffs in Tarrant County, Texas, a certain described cold storage locker plant for a specified price; that defendant breached its contract in Tarrant County, Texas, and because of the breach, plaintiffs' damages ensued. Allegations in the petition set out minutely the purposes and intentions of

the respective parties relating to the efficiency with which the plant should function when completed; that the plant and equipment were of insufficient capacity to adequately maintain desired temperatures for each twenty-four hour period on an average operating cycle of sixteen hours during the twenty-four. That such desired temperature was such as would preserve meats, fresh vegetables, and other foods; that the necessary and required temperature in what was known as the locker room is 10 degrees F. Allegations are made that certain material representations made by Fallon were false, that Fallon knew them to be false, and that defendant had no intention of carrying out such promises and representations when made by Fallon. That the plant had never functioned satisfactorily to plaintiffs and had never at any time furnished the desired, adequate, and necessary temperatures to accomplish the purposes for which it was constructed. Items and elements of plaintiffs' damages resulting directly from said fraudulent representations and breach of the contract were set out and prayer was made for their recovery.

In response to special issues the jury found that the equipment furnished by defendant to plaintiffs (1) failed to adequately maintain the temperature of zero in the locker room, (2) twenty degrees below zero in the quick-freeze room, and (3) that said equipment failed to adequately maintain the temperatures mentioned in issues 1 and 2 by operating not more than sixteen cycle hours out of 24. (4) Fallon promised plaintiffs that if they would pay the balance of their deferred payment in advance defendant would guarantee to make the equipment work perfectly; (5) plaintiffs accepted the offer of Fallon (referred to in No. 4), in Mansfield, Texas; (6) defendant failed to comply with the guaranty inquired about in No. 4; (7) Fallon knew when he made the guaranty referred to in No. 4 that it would not be carried out; (8) plaintiffs suffered injuries caused by the failure of defendant to carry out and perform its promises previously made; (9) Fallon did not in Dallas County accept plaintiffs' offer to pay in advance the balance of the deferred payments if defendant would make the plant work perfectly.

Defendant assigns 24 points of error but many of them relate to the same thing

and may be grouped as follows: (1) Error in holding that plaintiffs' controverting affidavit was sufficient as to its contents or in its verification to authorize the admission of testimony to support venue in Tarrant County; therefore reversible error was committed in the admission of all evidence offered by plaintiffs, and in the submission of any fact issue to the jury and in not sustaining defendant's motion for an instructed verdict. (2) Error of the court in overruling defendant's plea of privilege when the written contract entered into between the parties provided in effect that any suit growing out of the contract, or the subject matter thereof, was to be filed and tried in Dallas County; that there was no jury finding that any part of plaintiffs' cause of action arose in Tarrant County nor that the contract between the parties was entered into in Tarrant County. (3) Error of the court in submitting special issues 1, 2, and 3, and in admitting the testimony upon which they were based, because there were no pleadings to support either. (4) Error of the court in entering its judgment on the jury finding of fraud, when there was no evidence to support such finding. (5) Error of the court in submitting special issue 4 inquiring if Fallon promised plaintiffs if they would pay the remainder of the consideration in advance, defendant would guarantee to make the plant work perfectly, because there was no evidence to support the answer and if answered in the affirmative as it was, there was no consideration for such a supposed promise or obligation.

To discuss in detail the many points of error would unnecessarily extend this opinion. We have carefully studied them all and the authorities cited, and believe they should be overruled.

■ Regarding the first group of assigned errors, it is obvious that the controverting affidavit effectively made the petition a part of the affidavit. The instrument briefly recites certain facts and adds: "Which are fully set out in plaintiffs' petition, which are made a part hereof, and each and all of the facts therein alleged are hereby alleged in this controverting affidavit." In another place it is said: "And the facts pleaded in plaintiffs' petition are alleged herein as if expressly set out, * * *." The first line of the controverting affidavit reads: "The plaintiffs controvert the plea of privilege filed

by defendant, and say:" Then follows its recitations. The pleading is signed, "Olen C. Green," "A. S. Roman." Following their signatures the Notary's jurat is in this language: "Subscribed and sworn to, before me this the 25th day of June, 1944." Signed "H. S. Lattimore, Notary Public in and for Tarrant County, Texas."

■ Rule 86 provides that if plaintiff desires to controvert the plea of privilege he must "file a controverting plea under oath." There is no form of oath prescribed by the rule. The instrument purports to be allegations of facts showing why the court has venue; affiants sign it and the Notary certifies that they subscribed and swore to it. This, we think, is what is meant by the language in the rule that plaintiff must controvert the plea of privilege by a plea "under oath." The controverting affidavit is plaintiff's pleading in a venue case and is subject to amendment the same as any other pleading; if special exception is urged against such a pleading it may, at the proper time, be amended. No objections or exceptions were urged to the sufficiency of this pleading, in the absence of which, we think it sufficient. Shivers v. Hundley, Tex.Civ. App., 148 S.W.2d 440, and cases cited.

Second group of assigned errors contend there was error in overruling the plea of privilege because of the provisions in the contract to the effect that all actions growing out of the contract should be had in Dallas County and further there was no jury finding that any part of plaintiffs' cause of action arose in Tarrant County. It is obvious from the facts in the record that defendant contracted with plaintiffs to construct a cold storage locker plant at Mansfield, Texas; and that Mansfield is in Tarrant County. The contract and obligation could not have been performed anywhere else. The written instrument called the "Proposal" made by defendant begins with these words: "Name and location of Job: Cold Storage Locker plant in the Green Grocery Store located at Mansfield, Texas." There is a conflict in the evidence as to where the different instruments were actually signed by the parties, but we think this of no consequence.

■ Exception 23 to Article 1995, in so far as applicable here, provides that actions against a corporation may be maintained in any county in which the cause of action or any part thereof arose. If it is shown that the contract was to be per-

formed in Tarrant County, and it was breached in that county, it falls within this exception to exclusive venue. Houston & T. C. R. Co. v. Hill, 63 Tex. 381, 51 Am.Rep. 642; Gulf W. T. & P. R. Co. v. Browne, 27 Tex.Civ.App. 437, 66 S.W. 341; National Life Co. v. Wolverton, Tex.Civ.App., 163 S.W.2d 654; Panther Oil & Grease Mfg. Co. v. Schumaker, Tex. Civ.App., 166 S.W.2d 205; Friedrich Sales Corporation v. Deitrick, Tex.Civ.App., 134 S.W.2d 760. The provision in the contract to the effect that any action thereon shall be filed in Dallas County is not available to defendant to defeat venue in this case. In a venue hearing, where a similar provision in the contract was reviewed, the Supreme Court held that such a provision is against public policy and would not be enforced. International Travelers' Association v. Branum, 109 Tex. 543, 212 S.W. 630.

 Third group of points, as classified by us, complain of the submission of special issues 1, 2, and 3, and the admission of evidence upon which those issues were raised. These issues inquired whether or not the equipment installed would maintain temperatures in designated rooms to named degrees. Complaint is that the pleadings did not allege an obligation by defendant to install a plant that would adequately maintain those degrees of temperature. The petition does not attempt to specifically allege the degrees of temperature promised by defendant for each of the several rooms or compartments, but as above pointed out, the substance of the petition was that defendant knew what plaintiffs desired in the locker plant, and that both plaintiffs and defendant contemplated, in making the contract, that the varying degrees of temperature in the different compartments should be such as to preserve meats, vegetables, and other foods. The testimony of plaintiff Green was to the effect that to properly and adequately preserve such articles it was necessary for the different compartments to maintain the temperatures inquired about in the special issues submitted. There was no exception taken to the allegations of the petition, and in the absence of such exceptions pointing out defective or obscure allegations, they will be considered waived. See Rules 89 and 90.

 Fourth group of points complain because the court overruled defendant's plea of privilege in a judgment entered on the jury findings of fraud, when there was no evidence of fraud. Without determining whether or not there was evidence to support the finding on this phase of the case, it was immaterial on this appeal, for the reason the judgment was supported by the verdict on the points referred to in the next preceding group of assignments. The rule is settled in this state that where more than one ground of venue is relied upon by plaintiff, he need not sustain all, but if one be established, others become immaterial. Lakeside Irrigation Co. v. Markham Irrigation Co., 116 Tex. 65, 285 S.W. 593. This case has been consistently followed by our Courts of Civil Appeals.

 Fifth and last group of points complain of the submission of the fourth special issue inquiring if Fallon represented to Green that if he would pay the remainder of the deferred payment obligation on the plant in advance, defendant would make the plant work perfectly; and further complaint is made of the admission of testimony in support of the issue; it is insisted by defendant that there was no consideration for such a promise if it had been made. There was testimony offered and admitted to support the contention that such an agreement was made between Fallon and Green. It is undisputed that there were some deferred payments on a $3,600 obligation not yet due. It cannot be said that a promise to do certain things, made by the owner of an unmatured obligation to the debtor inducing him to pay his debt before maturity, is without consideration. It does not appear that Green had the privilege to pay the debt before maturity, nor could defendant have enforced its payment in advance of maturity. We believe a sufficient consideration for the transaction is shown.

We have concluded that no reversible error is shown by the record and that the judgment overruling the plea of privilege should be affirmed. It is accordingly so ordered.