**MASSACHUSETTS MUTUAL LIFE INSUR-
ANCE COMPANY, Appellant,**

v.

**Kenneth GASKAMP, Appellee.**

**No. 6911.**

Court of Civil Appeals of Texas.

Beaumont.

Oct. 5, 1967.

J. T. Maroney, Jr., Lufkin, for appellant.

Dies & Dies, Lufkin, for appellee.

PARKER, Justice.

On October 1, 1963 Massachusetts Mutual Life Insurance Company issued a policy of hospitalization to Angelina County, providing hospital and medical benefits to any employees of the county choosing to be insured. On April 2, 1965, Kenneth Gaskamp was hospitalized. At that time he was an employee of the county. As such, he sued the insurance company for benefits under the policy, having paid his premium for April, 1965. Upon trial before the court, judgment was rendered for Gaskamp. Massachusetts Mutual Life Insurance Company will be called appellant. Gaskamp will be called appellee.

Appellant contends the court erred in overruling judgment for it because as a matter of law the policy had been terminated on April 1, 1965, which was prior to the hospitalization of appellee, there being no evidence that appellant had accepted and retained the payment of premium to keep the policy in force and effect. It is undisputed that appellee was hospitalized on April 2, 1965 and an employee of the county at that time. Appellee alleged the policy was in full force and effect on that date with premiums paid. Appellant plead that on April 2, 1965 the auditor of the county notified appellant that effective as of April 1, 1965 Angelina County was terminating all group insurance with appellant, and that appellant did cancel the policy as of April 1, 1965 in accordance with such instruction.

Appellant "issued this policy to Angelina County (herein called the Policyholder) in consideration of the application of the Policyholder and of the payment of premiums in accordance with the terms of this policy, and agrees to *pay benefits* as provided herein with respect *to any employees* insured hereunder." (Emphasis ours)

The policy covered all employees choosing to be covered by the policy. The county auditor collected the monthly premium from those employees electing to be covered by the policy. The auditor was the paying agent for these employees. The policy did not require that all employees of the county had to join in the policy. Appellant had accepted premiums covering some but not all of the employees of the county. Each month the auditor advised appellant of the names of each new employee to be covered, as well as names of employees no longer desiring to be covered by the policy. This was called the Monthly Adjustment List. Appellant prepared and sent such form in March, 1965 to the auditor for the premium due April 1st, 1965. Additions, terminations and other changes since the last Monthly Adjustment List were made by the auditor. This statement with notice of premium due had on it "Keep this notice; your check is

evidence of payment. Receipt will be furnished on request."

On March 25th, 1965, appellant wrote the county auditor, Mr. Hicks, that the "listing you recently sent us against a current listing of ours I find eight employees that we have on active list that you do not. These employees are: (names omitted here)

If these employees are no longer in your employ please complete Request for Change forms which I am enclosing for your convenience, giving us full termination information and as soon as this has been done, mail forms to this office for processing.

Also I notice that A. R. Geye is the correspondent for this case and as it appears that he is no longer employed to whom should all correspondence be mailed in the future."

In answer to the letter from appellant of March 25, 1965, the auditor promptly filled out the forms requested as to the employees who had terminated their insurance and listed employees to be covered by the policy who had not been under the policy before, together with the premium respectively owed on the policy for the month of April. Appellee's premium on the policy was paid through the auditor by check No. 3315 dated March 31, 1965 in the sum of $49.70. This check paid the premium of appellee and three other employees of the county. The check was cashed by appellant. Appellant attempted to terminate the policy as of April 1, 1965 when it issued a check dated April 22, 1965 in the sum of $213.12 payable to Angelina County supposed to represent a refund of premiums paid. It was received by the auditor sometime after April 22, 1965. It was not cashed.

On April 4, 1965 claim of appellee for benefits under the policy was completed on a form furnished by appellant and forwarded to appellant. On March 25, 1965 the auditor sent appellant a letter stating, "This will notify you that the County of

Angelina is dropping all group insurance effective with your statement of April 1, 1965. If you wish to continue carrying Angelina County employees, it will be strictly on an individual basis, and you are to contact them direct from your company." This letter is not in evidence. Only the above quotation of a part of it is in the record. It is on the basis of this partial quotation from the letter from County Auditor Hicks that the appellant claims the policy was not in effect on April 2, 1965 when appellee went to the hospital. Hicks testified what was intended by that letter was to notify them that the April premium was the last one to be billed to Angelina County and that thereafter they should collect premiums directly from those employees desiring the policy; that "what I thought when I wrote that letter, well, I sent in that premium which was due on April 1st, I sent it on in, that is, the check was mailed on March 31st for that statement, that would be the last statement they would bill Angelina County for." It was by letter of May 11, 1965 that appellant for the first time denied liability under its policy to Gaskamp. It is undisputed that Gaskamp paid his premium on the policy through the month of April, 1965. Appellant cashed that check of March 31st, 1965 for April premiums and retained the money until it attempted to make an improper refund to the county by its check dated April 22, 1965. The auditor was acting as agent for the respective employees in forwarding the premium. That the Monthly Adjustment List, the letter of March 25, 1965 and check No. 3315 dated March 31, 1965, in payment of premium were not executed and delivered on exactly the same day does not alter the rule that they be construed together as a part of a single transaction. Guadalupe-Blanco River Au. v. City of San Antonio (1947), 145 Tex. 611, 200 S.W.2d 989. With the fact situation in a case such as this, parol evidence is admissible to connect the instruments and to explain any conflict between them. Lloyds America v. Friend, 91 S.W.2d 766 (Tex.Civ.App. 1936, n.w.h.), and cases cited on p. 768. Under the above principles, the acts of Mr. Hicks and his testimony can be construed only as informing appellant that after payment of the April premium it could look to the employees directly for collection of the premiums.

 Under Section 2, "Extended Benefits", the policy provides that if an employee becomes confined in a hospital for * * disease within a period of three months immediately following the discontinuance of the insurance of such employee under this part (referring to the insuring clause) hospital benefits shall be payable as though confinement had commenced prior to such discontinuance, if the confinement is due to a disease which commenced prior to such discontinuance. Kenneth Gaskamp testified he saw Dr. Reid and went to the hospital April 2, 1965. He was sick some 5 days to a week before he saw Dr. Reid and went to the hospital. He was at home. He had a bad cold, for which his wife gave him 9 or 12 shots of Penicillin. It ran into pneumonia. His fever got high. He stayed in bed all one day before going to the hospital and for several days he was up and down but able to walk. He stated that if he had been called on an emergency call he would have gone whether he was able or not. He was a constable. With the evidence from appellee as to the nature and duration of his illness, the trial court could have found that under Section 2, "Extended Benefits", the policy was in force for three months after April 1, 1965, with appellee covered by the insurance policy.

 There being no findings of fact or conclusions of law, this court assumes the trial court found every disputed fact in favor of appellee. Construction and General Labor Union, Local No. 688 v. Stephenson, 1950, 148 Tex. 434, 225 S.W.2d 958; Old National Life Insurance Co. v. Guest (Tex. Civ.App.1942), 163 S.W.2d 241, err. ref.; Rolison v. Puckett, 1946, 145 Tex. 366, 198 S.W.2d 74.

Appellant's contentions embodied in their sole point of error are overrruled. Judgment of the trial court affirmed.